[No. 10,184.]

## THE PEOPLE v. C. W. THRALL. |

CONFESSIONS OF A DEFENDANT.—A defendant cannot be convicted of a crime on his extra-judicial statements or confessions alone, without other evidence tending to show the commission of the crime.

INDICTMENT OF ACCESSORY.—An indictment against an accessory must, in addition to other matter, contain all the averments that would be necessary in an indictment against the principal; and it must therefore allege that the crime of the principal was committed before it was found and presented.

APPEAL from the County Court, County of Calaveras.

The indictment charged that Robert Maxwell, on the 26th day of December, 1875, robbed S. W. Miller of one hundred and forty dollars in money, and that the defendant became an accessory after the fact, by knowingly, etc., receiving a part of the money on the 26th day of December, 1874. The defendant was convicted and appealed.

The other facts are stated in the opinion.

*R. Hopkins,* for the Appellant.

*George A. Blanchard,* for the People.

By the Court:

1. It is well conceded by the Attorney-General that the refusal of the court below to give the fourth instruction, asked by the prisoner and refused by the court, cannot be supported. The instruction refused was as follows: "The guilt of a defendant cannot be proved alone by the confessions or statements of the defendant, without other evidence or circumstances tending to show the commission of the crime, and unless there is other evidence it is your duty to acquit the prisoner." That its refusal was error was determined here in *People* v. *Jones* (31 Cal. 565), where the authorities are cited and reviewed. The only distinction upon the question on hand observed between the case of Jones and the one at bar is, that in Jones's case the whole of the evidence was in the record, and it was affirmatively shown that, with the exception of his own extra-judicial statements and those of his co-defendant, there was no evidence tending in the slightest degree to support the charge against him, while in the case at bar all the evidence is not set forth in the record. But even if we assume against the prisoner that, besides his own extra-judicial confessions, there was evidence given at the trial tending to prove the *corpus delicti,* the instruction asked would not, for that reason, be the less pertinent, nor would it be of less importance that the jury should be instructed that his guilt could not be established alone by his extra-judicial statements or confessions.

2. As the case must go back for another trial, it is proper to observe that the indictment, if correctly transcribed in the record before us, seems to be open to the objections taken to it below at the trial, and by motion in arrest of judgment. An indictment against an accessory must, in addition to other matter, contain all the averments which would be necessary in an indictment against the principal.

It does not, in anywise, appear in this indictment that the robbery of Miller by Maxwell occurred before the finding of the indictment. The indictment was found *March* 2, 1875; it is therein alleged that the robbery was committed on the 26th day of *December*, 1875. There is no other allegation upon the point of time; it is not alleged that the robbery was committed "heretofore," or "before the finding of this indictment," nor is there any other allegation of a similar import by which it could be claimed that the allegation as to the precise time could be rejected as surplusage.

The judgment, the order denying a new trial, and the order refusing to arrest the judgment are reversed, and the cause remanded for a new trial.