[No. 11782.  In Bank. — March 29, 1888.]

SWAMP-LAND RECLAMATION DISTRICT NO. 407, RESPONDENT, *v.* WILLIAM WILCOX, APPELLANT.

SWAMP-LAND — ASSESSMENT — RECORD OF ORDER OF SUPERVISORS — ALTERATION OF — EVIDENCE. — In an action to enforce the payment of a swamp-land assessment, the record as entered in the minute-book of the board of supervisors of the order of the board appointing commissioners to view the land and make the assessment is *prima facie* evidence of the facts stated therein; and where the record as originally entered is shown to have contained a clerical error, it may be altered so as to conform to the order as actually passed by the board, and as so altered is admissible in evidence.

ID. — DESCRIPTION OF LAND ASSESSED. — In the assessment list the land assessed to the defendant was described as being a portion of two swamp-land surveys "bounded on the north by the lands of Mrs. R. F. Davis, on the east by the lands of L. C. Rube, on the south by the lands of the Pacific Mutual Life Insurance Company, and on the west by Old River; number of acres, one hundred": *held*, that the description was sufficient.

ID. — PRESUMPTION OF REGULARITY OF ASSESSMENT. — In the absence of evidence to the contrary, it will be presumed that the commissioners in viewing the land and making the assessment conformed to the requirements of section 3456 of the Political Code.

ID. — DOLLAR-MARK — OMISSION OF WHEN IMMATERIAL. — The failure to place a dollar-mark before the figures intended to designate the amount of the charges assessed against a particular person is not fatal to the assessment against him, when it appears from the record that such assessment was only one of a number of others contained in the list, and that in a number of cases there was a dollar-mark preceding the figures in columns headed with the words "amount of charges assessed."

ID. — OATH OF COMMISSIONERS. — Such an assessment is not rendered invalid by the failure to show that the commissioners took, subscribed, and filed their oath of office in the office of the county clerk before they assessed the land and made the assessment list, where it appears that they were sworn verbally by a justice of the peace before they went to view the land.

Appeal from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*W. H. Beatty, Freeman, Johnson & Bates,* and *Armstrong & Hinkson,* for Appellant.

*A. P. Catlin,* for Respondent.

Sharpstein, J.—This appeal is from a judgment entered in favor of the plaintiff, and from an order denying the defendant's motion for a new trial in an action to enforce payment of a swamp-land assessment.

After alleging that it is a corporation organized for the purpose of reclaiming certain swamp-land, and that in the month of March, 1882, it became necessary to construct in said district levees, embankments, ditches, drains, and other reclamation work, the plaintiff alleges that in order to provide for such reclamation works, and the maintenance, protection, and repair thereof, the board of trustees of said Swamp-land Reclamation District No. 407 employed Jim C. Pierson, a competent engineer, to survey, plan, locate, and estimate the costs of the works necessary for such reclamation, of the maintenance, protection, and repair thereof; that thereafter the said Pierson did plan, locate, and survey said works, and estimated the cost thereof, and made a report in writing thereof to the said board of trustees, which report was approved and adopted by the said board, and was afterward, on or about the —— day of August, 1882, by the said board, presented to the board of supervisors of Sacramento County, together with an estimate, made by said board of trustees, of the amount necessary for the incidental expenses of superintendence, repair, and other expenses.

That said report was received by the said board of supervisors, and filed with the clerk thereof, on the twenty-fifth day of August, 1882. From said report it

appeared that the aforesaid works of reclamation, to-
gether with the incidental expenses of superintendence,
repairs, etc., would cost the sum of seventy-eight thou-
sand ($78,000) dollars.

That upon the day last mentioned, the said board
of supervisors approved the said report, and adopted an
order appointing three disinterested persons, residents
of said county, commissioners to assess the charge upon
the said land, of which order the following is a copy:—

"Ordered, that J. M. Upham, James Stephenson, and
John Miller, three competent and disinterested persons,
and residents of Sacramento County, be and are hereby
appointed commisssoners, who must, in the manner pro-
vided by law, view the lands of said district, and assess
thereupon the proper assessments and charge for the
reclamation of said lands, to wit, the sum of seventy-
eight thousand dollars, in the manner and at the cost
surveyed, planned, and estimated by J. C. Pierson, en-
gineer of said district, and by the board of trustees of
said district, as exhibited by the report of said trustees
filed this day with the clerk of this board."

These allegations were denied by the defendant, and
the plaintiff, for the purpose of proving them, offered in
evidence the entry in the record of the board of super-
visors of the county of Sacramento, being page 558 of
the minute-book "K" of the records caused to be kept
by the board of supervisors, in which the clerk of the
board was required to record all orders and decisions
made by the board, and the daily proceedings had at all
regular and special meetings, and when offered in evi-
dence the entry therein read as follows, to wit:—

"Office of the Board of Supervisors,
"Friday, August 25, 1882.

"Swamp-land District No. 407.

"The report of the trustees of Swamp-land District
No. 407 was received, and following reports adopted:—

"Ordered that J. M. Upham, J. M. Stephenson, and
John Miller, three competent and disinterested persons,

and residents of Secramento County, be and are hereby appointed commissioners, who must, in the manner provided by law, view the land of said district, and assess thereupon the proper assessment and charge for the reclamation of said land, to wit, the sum of seventy-eight thousand dollars, in the manner and at the cost surveyed, planned, and estimated by J. C. Pierson, engineer of said district, and by the board of trustees of said district, as exhibited by the report of said trustees filed this day with the clerk of this board."

The attorneys for defendant objected to said entry as evidence, on the ground that it appeared to have been altered and changed since it was made, and that it was an order appointing commissioners to view and assess a charge on lands in Swamp-land District No. 341, and not upon land in Swamp-land District No. 407.

Thereupon the plaintiffs admitted that on the seventeenth day of June, 1885, the day before the trial, Thomas H. Berkey changed the figures designating the number of the district from "341" to "407."

It was then shown that said Thomas H. Berkey was the county clerk of Sacramento on the 25th of August, 1882, but that his term of office had expired at the time he changed said records as above stated; that the record of the proceedings of the board of supervisors of the twenty-fifth day of August, 1882, of which said page 558 of minute-book "K" was a part, was signed by P. R. Berkey, the president of the board of supervisors, but not signed by Thomas H. Berkey, who was county clerk, and by virtue of his office clerk of the board of supervisors of said county at the time said entry was made, nor was said record signed by any of his deputies; and it appears that said change was made by said Thomas H. Berkey without the direction or permission of said board of supervisors. Said Thomas H. Berkey, at the time he made the said alteration, was a deputy of the clerk of the county of Sacramento, and as such was act-

ing clerk of the board of supervisors when sitting as a board of equalization. The board of supervisors was not in session when the alteration was made. Berkey testified that he made it as soon as his attention was first called to what appeared to him by a comparison of the records and examination of different pages of said book "K" to be a clerical error made by John H. Parnell, deceased, who, in August, 1882, was deputy of witness, and acting clerk of the board of supervisors. A book was introduced in evidence, described by the witness "as the book of original entry," in which the clerk first entered the minutes of the proceedings of the board of supervisors, from which the minute-book "K" was made up. In that book, under date of August 25, 1882, appeared an entry, of which the following is a copy: "The Board of Swamp-land Commissioners No. 407. Report of trustees filed and ordered adopted. See order."

The bill of exceptions states that "the testimony of the witness Berkey, and inspection of the papers, among which was the original report of the trustees of swamp-land district No. 407, tended to show that the order was made upon the report of the trustees of the Swamp-land Reclamation District No. 407, and that the figures "341" was merely a clerical error of said Parnell in making up the minutes or records in said book "K."

The testimony of said Berkey was duly objected to by defendant, on the grounds that a record cannot be altered, changed, or contradicted by parol, and his testimony was only an opinion, conclusion, or inference from circumstances, and was irrelevant, immaterial, incompetent, and so the admission in evidence of the said rough minute-book, because the entry therein was indefinite, and the same was not a record, and irrelevant and incompetent. The court overruled both objections, and admitted the testimony of said Berkey and said book in evidence, to which rulings and each of them the defendant then and there excepted. The plaintiff then offered

said entry in evidence again, to which the defendant then and there objected, on the grounds,—

1. That said order was irrelevant, immaterial, and incompetent;

2. That said record has been changed since this action was commenced, in a material respect, under the direction and with the knowledge of the attorneys for the plaintiff;

3. That the order made by the board of supervisors, as it appeared and was in fact before changed by said Berkey, was an order appointing commissioners to view and assess a charge upon the lands in Swamp-land District No. 341, and not an order appointing commissioners to assess a charge upon the land in Swamp-land District No. 407.

The court overruled the objection, and admitted said entry, so changed, in evidence. The defendant excepted.

We discover no error in that. The evidence tended to prove that the board of supervisors approved the report of the board of trustees, and appointed commissioners to view and assess the land of Reclamation Swamp-land District No. 407. The entry made in book "K" was *prima facie* evidence of the facts stated therein. (Code Civ. Proc., sec. 1920.) But it was not conclusive of those facts. Proof of its having been altered might affect the credit and weight to be given to it, but did not render it inadmissible. (*Wayland* v. *Ware,* 104 Mass. 46; *Sprague* v. *Baily,* 19 Pick. 436.) If the evidence proved that the entry in the official book, as it appeared when offered in evidence, contained the order made by the board, the circumstance of its having been altered after it was originally entered did not render it inadmissible.

In *Sprague* v. *Baily, supra,* it became necessary for the defendant to prove that he had taken the oath required to be taken by a collector of taxes. The records of the town were produced at the trial, and contained an entry of his having taken the oath of office as "treasurer."

The defendant moved that the town clerk should be permitted to amend his record. This was objected to by the plaintiff. The objection was overruled, and the clerk amended by striking out the word "treasurer" and inserting the words "collector of taxes, according to the best of my knowledge and belief." On appeal to the supreme court, the counsel for plaintiff insisted that this was error. Shaw, C. J., said: "Upon this point the court are of opinion that there was competent evidence to go to the jury to find whether the defendant was sworn as collector or not. The entry in the book is a memorandum, not a record, and may be left to the jury with other evidence upon the fact."

In the case now before us it was necessary for the court to find whether the order introduced in evidence related to district No. 407 or to district No. 341. Evidence tending to prove that it related to either was, in our opinion, admissible. The original entry of the clerk was *prima facie* evidence that the order was entered as it passed, but not conclusive. The alteration did not prove or disprove that the original entry was erroneous. The validity of the assessment depended on the order made by the board, not upon the order entered by the clerk in his book. The entry of the order was *prima facie* evidence that it had been duly made as entered. But this might be contradicted and overcome by other evidence. (Code Civ. Proc., sec. 1833.)

We think it was clearly shown that the original entry of the order was erroneous, and that the order made by the board is correctly expressed in the amended entry. It was upon this point that the judgment and order of the court below was reversed by Department One of this court, and upon this point the case was ordered to be heard in Bank.

Upon the other exceptions we are satisfied with the views expressed in the opinion filed by the Department, which are as follows:—

" The defendant also objected to the assessment list, offered in evidence by the plaintiff, upon several grounds, and his objections were overruled.  One ground of objection was that the land was not properly described. The code required the list to contain 'a description by legal subdivisions, swamp-land surveys, or natural boundaries of each tract assessed,' and 'the number of acres in each tract.'  The land assessed to the defendant was described as a portion of two swamp-land surveys, 'bounded on the north by the lands of Mrs. R. F. Davis, on the east by the lands of L. C. Rube, on the south by the lands of the Pacific Mutual Life Insurance Comany, and on the west by Old River; number of acres, one hundred.'  This should be held, we think, to be a sufficient description, as otherwise it would seem impossible to describe the land so as to comply with the statute.  Evidently it could not have been described by legal subdivisions, nor, being a portion of two surveys, by swamp-land surveys.  If, then, the words 'natural boundaries' are to be construed as excluding all artificial boundaries, or boundaries made by man, it must follow that no sufficient description of the land could be made.  We do not think such a result was intended or should be declared.  In our opinion any description which clearly identifies and marks out the land is sufficient.

" Another ground of objection was that it did not appear from the face of the assessment list, or from any other evidence, that the assessment or charge was made in proportion to the whole expense, and to the benefits which would result from the works of reclamation, nor that the charge was estimated in gold and silver coin of the United States, nor in any kind of money.  Section 3456 of the Political Code requires the commissioners to 'view and assess upon the lands situated within the district a charge proportionate to the whole expense and to the benefits which will result from such works, and

estimate it in gold and silver coin of the United States.' And section 3461 provides what the list must contain, as follows: 'The list must contain: 1. A description by legal subdivisions, swamp-land surveys, or natural boundaries, of each tract assessed; 2. The number of acres in each tract; 3. The names of the owners of each tract, if known; and if unknown, that fact; 4. The amount of the charge assessed against each tract.'

"The list returned was signed by the supposed commissioners, and complied with the requirements of section 3461, and there is nothing to show that the assessment was not made in full compliance with section 3456. The commissioners were not required to report that in making the assessment they had complied with the requirements of section 3456, and if they had done so their certificate to that effect would not have been even *prima facie* evidence of the fact. (*People* v. *Hager*, 49 Cal. 232.) They were, however, charged with an official duty, and in the absence of all evidence to the contrary, must be presumed to have regularly performed that duty. (Code Civ. Proc., sec. 1963, subd. 15.) It is true that there was no dollar-mark before the figures '4,764.45,' placed opposite the name of the defendant, under the heading of 'Amount of charges assessed'; but the record shows that this was only one of a number of assessments contained in the list, and that 'in a number of cases there was a dollar-mark ($) preceding the figures in columns headed with the words "Amount of charges assessed," and in a number of instances, as in this, the dollar-mark did not appear.' It is not shown when or in how many places the dollar-mark did appear, but if it was prefixed to some of the items in the column, then all the figures standing in the same column, and in the same relation to other similar items, must be construed to be dollars, without a repetition of the mark before each item. (*People* v. *Empire G. & S. M. Co.*, 33 Cal. 171.)

"Still another ground of objection was, that it did not

appear that Upham, Stephenson, and Miller took, subscribed, and filed their oath of office in the office of the county clerk before they assessed the land and made the assessment list. It did appear that they were sworn verbally by a justice of the peace before they went out to view the land. It is not necessary to decide whether or not they were such officers as sections 904 and 909 of the Political Code refer to; for, if they were, their official acts, after being fully performed, were not rendered void by the fact that they had failed to comply strictly with the requirements of those sections."

Judgment and order affirmed.

McFARLAND, J., SEARLS, C. J., TEMPLE, J., PATERSON, J., and THORNTON, J., concurred.