[No. 21141.   Department Two.—November 1, 1894.]

## THE PEOPLE, RESPONDENT, *v.* RICHARD TUCKER, APPELLANT.

CRIMINAL LAW—LARCENY—PROOF OF DISTINCT OFFENSE.—Where a defendant accused of larceny upon a certain day denies that he committed the larceny, and does not claim that he took the money from a sleeping friend to preserve it for him, evidence that on the previous day a distinct offense was committed by the defendant in taking other money from under the pillow of the same person is not admissible.

ID.—DISTINCT OFFENSE NOT EVIDENCE OF GUILT—PROXIMITY OF TIME AND PLACE.—Guilt cannot be shown, nor can the weight of evidence be increased by showing that the defendant has committed other offenses; and mere proximity of time and place do not render evidence of another offense admissible.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial.

The facts are stated in the opinion.

*A. V. Scanlan*, for Appellant.

The court erred in admitting evidence that on a prior date the defendant had stolen some money from the prosecuting witness. (*People* v. *Hartman*, 62 Cal. 562; *People* v. *Lane*, 100 Cal. 379; *Farris* v. *People*, 129 Ill. 521; 16 Am. St. Rep. 283; *Sutton* v. *Johnson*, 62 Ill. 209; *Shaffner* v. *Commonwealth*, 72 Pa. St. 60; 13 Am. Rep. 649;

*State* v. *Lapage*, 57 N. H. 245; 24 Am. Rep. 69; *People* v. *Sharp*, 107 N. Y. 456; 1 Am. St. Rep. 851; *Coleman* v. *People*, 55 N. Y. 81; 3 Russell on Crimes, 5th ed., 368; 1 Roscoe on Criminal Evidence, 8th ed., 92; Wharton on Criminal Evidence, secs. 29, 30; 1 Greenleaf on Evidence, sec. 52.)

*Attorney General W. H. H. Hart*, and *Deputy Attorney General William H. Layson*, for Respondent.

The evidence of the former act of stealing was clearly admissible, as it showed knowledge by the defendant that the prosecuting witness had money, and that the defendant intended to steal it. (*People* v. *Stewart*, 80 Cal. 129; *People* v. *Gray*, 66 Cal. 271, 275; *People* v. *Neyce*, 86 Cal. 393, 395; *People* v. *Bibby*, 91 Cal. 470; *People* v. *Walters*, 98 Cal. 141; *People* v. *Cunningham*, 66 Cal. 668; *People* v. *Lattimore*, 86 Cal. 403; *People* v. *Wasservogle*, 77 Cal. 173; *People* v. *Shainwold*, 51 Cal. 468; *People* v. *Frank*, 28 Cal. 507; *People* v. *Lopez*, 59 Cal. 362; *People* v. *Robles*, 34 Cal. 591; Gear's Digest, 229; *Bibb* v. *State*, 83 Ala. 84; 2 Mew's Common Law Digest, 1, 875; 3 Fisher's Digest, 3, 295; 8 Am. & Eng. Ency. of Law, 530 *b;* Wharton's Criminal Evidence, sec. 46; *King* v. *Robinson*, 2 Leach, 749; *King* v. *Boucher*, 4 Car. & P. 562; *Rex* v. *Cain*, 8 Car. & P. 187; Archibald's Criminal Evidence and Pleading, 18th ed., 220, 451; *Rex* v. *Voke*, Russ. & R. C. C. 531.)

TEMPLE, C.—The defendant was convicted of grand larceny, and appeals from the judgment and from an order refusing a new trial.

The defendant was informed against for the crime of grand larceny in stealing thirty-five dollars from the person of William Laughlin, on the eighteenth day of January, 1894.

At the trial Laughlin testified that he and defendant occupied the same room on Wednesday night, January 16, 1894; that witness had in a purse when he went to bed forty-five dollars in gold, and loose in his pocket

two dollars in silver. When he went to bed he put his purse and watch under his pillow.

In the morning, when he was half awake, he felt a hand go under his pillow, but thought Tucker wanted to see what time it was. Tucker then shook him and told him it was time to get up. Tucker then said: "You spent a good deal of money last night"; witness then looked at his purse and found twenty dollars gone, and said to Tucker, "Dick, this won't do, you must have taken twenty dollars out of there." Tucker denied taking it, but finally, when witness promised to give him two dollars, Tucker handed him the twenty dollars.

The witness further testified that he and Tucker were about town together all that day and night. He had a twenty-dollar piece changed, and at about one o'clock the next morning sat down in a saloon and fell asleep. When he went to sleep he had thirty-five dollars in his purse. During his sleep his purse was taken from his pocket, and the money abstracted, and the purse put in his coat-pocket with the key to his room which he did not have when he fell asleep.

F. Doutre testified that he saw defendant take from Laughlin's pocket his purse, and that he showed him two five-dollar pieces which he had taken from it, offering him one not to speak of the matter.

The defendant testified for himself that he did not take the money and knew nothing of the matter.

The testimony in regard to the abstraction of the twenty-dollar piece on the morning of the 17th was put in against the objection of the defendant, who excepted to the ruling of the court admitting it, and afterwards moved to strike it out, and excepted to the ruling of the court denying the motion. Whether these rulings were correct is the only question presented on this appeal.

The fact that testimony offered tends to prove another offense is never a valid objection to its introduction. On the other hand testimony is not relevant simply because it tends to show that the defendant at some

other time was guilty of a similar offense. Guilt cannot be shown, nor can the weight of evidence be increased, by showing that the defendant has committed other offenses. When such evidence is offered the same considerations arise as upon the offer of other testimony. Is the evidence relevant and competent? Does it tend to prove any fact material to the issues?

The only suggestion made here in justification of the ruling is that but for this proof the defendant might have claimed that he took the money from a sleeping friend to preserve it for him. There was no such issue in the case. The defendant did not claim that he took the money for such purpose. He denied that he took it at all.

Mere proximity of time and place do not render this evidence admissible. (*People* v. *Lane*, 100 Cal. 379.)

I think the ruling was erroneous, and that for that reason the judgment and order should be reversed.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed.

FITZGERALD, J., McFARLAND, J., DE HAVEN, J.

Hearing in Bank denied.