[Crim. No. 229. First Appellate District.—September 12, 1910.]

## THE PEOPLE, Respondent, v. JAMES C. TOMALTY, Appellant.

CRIMINAL LAW—APPEAL—ORDER DENYING ARREST OF JUDGMENT—REVIEW.—An order denying a motion in arrest of judgment is not appealable; but any error committed by the court in denying such motion is reviewable on appeal from the judgment.

ID.—ALTERING OR FALSIFYING PUBLIC RECORD—CONSTRUCTION OF CODE—INTENT TO DEFRAUD NOT INVOLVED.—The offense set forth in sections 113 and 114 of the Penal Code, relative to the "altering or falsifying" of any record "filed or deposited in any public office," does not make a fraudulent purpose, or an intent to defraud anyone, an ingredient of the offense. A falsification of a public record willfully and knowingly made is sufficient to constitute the offense to be punished under those sections.

ID.—PARTICULAR OFFENSE CHARGED—FALSIFICATION OF ENTRY IN LEDGER IN TREASURER'S OFFICE—CONSTRUCTION OF INDICTMENT.—Where an indictment charged in substance that on or about a certain date defendant, who was not an officer, did willfully, unlawfully, feloniously and fraudulently alter and falsify an entry in a ledger filed and deposited in the office of the treasurer of the city and county of San Francisco, by changing the figures 605 in the account of the police court bail money special fund, which indicated that $605 was paid from that fund on a certain day, so as to read 5,605, and thereby falsely indicate that $5,605 was disbursed from that fund on that day, the word "fraudulently" in the indictment may be disregarded as surplusage, and the nature of the offense charged

is a falsification of the entry, and it must be proved that the change made the entry false, and that the defendant knew it to be false at the time of making it.

ID.—PROPER USE OF "LEDGER" IN TREASURER'S OFFICE.—While the law does not expressly require the treasurer of the city and county of San Francisco to keep a ledger showing the accounts with the various funds in the treasurer's office, yet in view of the requirements of its charter as to keeping accounts with all the different funds in his charge, and all moneys received as bail are by law required to be paid to the treasurer, and no other particular books are specified, it is matter of common knowledge that a "ledger" is a proper and practically necessary part of any system of bookkeeping, and it certainly should be a part of the system used in an office receiving and disbursing such vast amounts of money belonging to so many different funds as is the case in the treasurer's office of the city and county of San Francisco.

ID.—NATURE OF "PUBLIC RECORD"—REQUIREMENT OF LAW NOT ESSENTIAL.—In order that an entry or record of the official acts of an officer shall be a "public record," it is not necessary that such record be expressly required by law to be kept; but it is sufficient if it be necessary or convenient to the discharge of his official duty.

ID.—GENERAL RULE—CONVENIENT AND APPROPRIATE MODE OF RECORD.—Whenever a written record of the transactions of a public officer in his office is a convenient and appropriate mode of discharging the duties of his office, it is not only his right but his duty to keep that memorial, whether expressly required to do so or not; and when kept it becomes a public document—a record belonging to the office, and not to the officer.

ID.—ADMISSIBILITY OF LEDGER ENTRIES—EVIDENCE OF FACTS—PURPOSE OF STATUTE.—It is not important whether or not the ledger entries are admissible as evidence of the facts shown. The purpose of our statute is to protect the public archives from destruction, mutilation, alteration and falsification, and not to conclude or affect private rights.

ID.—LEDGER ENTRY A "PUBLIC RECORD."—The ledger entry alleged to have been falsified is a "public record," within the meaning of the statute.

ID.—BOOKS OF ACCOUNT "FILED OR DEPOSITED" IN TREASURER'S OFFICE. The books of account of the treasurer are "filed or deposited" in the treasurer's office, within the meaning of the statute, the purpose of which is to protect records in the custody of a public officer as such. The words "filed or deposited," as used in the statute, are equivalent to "on file or on deposit."

ID.—INSUFFICIENT DEMURRER FOR UNCERTAINTY—ABSENCE OF PARTICULARS.—A demurrer to the indictment for uncertainty, which makes no attempt to indicate in what particular the indictment is

14 Cal. App.—15

not direct or is not certain, is wholly insufficient to present such question for review.

ID.—SUFFICIENCY OF INDICTMENT.—*Held,* that the indictment states a public offense, and the court properly overruled the general demurrer as well as the special demurrer thereto, and properly overruled a motion in arrest of judgment for its insufficiency.

ID.—RULES AS TO EVIDENCE OF OTHER OFFENSES.—The general rule that evidence connecting the defendant with the commission of other crimes wholly independent of the one for which he is on trial is inadmissible does not apply to exclude evidence of other crimes where such evidence logically tends to prove any fact necessary or pertinent to the proof of the crime for which defendant is being tried.

ID.—EVIDENCE—LARGE SHORTAGE OF TREASURER—SCHEME OF BOOK-KEEPER TO COVER SHORTAGE—OTHER FALSE ENTRIES—MOTIVE.—Evidence was admissible to show that there was a shortage of $60,000 in the treasurer's office, and that the defendant as bookkeeper made other large false entries to make his books balance with the cash left on hand, all of the falsifications being part of one and the same scheme by the defendant to conceal the shortage. Such evidence tended to show a motive for the defendant to make the falsification for which he was indicted, and that it was a willful falsification, and not an innocent act as claimed by defendant.

ID.—EVIDENCE OF DESTRUCTION OF LEAVES FROM LEDGER—ATTEMPT TO CONCEAL CRIME.—Evidence was also admissible to show that the defendant removed and destroyed some leaves from the ledger containing accounts of the county clerk special fund as an attempt to conceal his criminal act in covering up the shortage, and to make it more difficult to prove the falsification for which the defendant was prosecuted. Concealment of a criminal act tends to prove the willfulness of the act, as well as the criminal purpose with which it was done.

ID.—CROSS-EXAMINATION OF EXPERT—FACT OF PAYMENT FOR SERVICES—AMOUNT OF PAYMENT INADMISSIBLE.—An expert witness for the prosecution may be asked on cross-examination whether he was not employed by the prosecution and paid by the city and county of San Francisco, in this and other prosecutions, as being proper for the consideration of the jury, as going to his credibility; but the court properly excluded evidence on the collateral questions as to how much he was paid in this case, and how much he had received during the past year.

ID.—IMPROPER OPINION EVIDENCE—POSSIBLE ACCESS OF BOOKKEEPER TO FUNDS.—The court properly refused to allow the opinion evidence of a witness as to whether it was "possible for the bookkeeper to have access to any funds in the treasury."

ID.—PROPER REFUSAL OF MOTION TO STRIKE OUT LEDGER.—The court properly refused a motion to strike out the ledger claimed to have been falsified, on the ground that it was not a public record.

ID.—REFUSAL OF REQUESTED INSTRUCTION—CONFESSIONS—CORPUS DELICTI—HARMLESS RULING.—A requested instruction to the jury that "The guilt of the defendant cannot be proved by the confessions or statements of the defendant, without other evidence or circumstances tending to show the commission of the crime, and unless there is other evidence, it is your duty to acquit the defendant," is abstractly correct, and might well have been given; but the refusal to give it was harmless where there is abundant independent evidence of the *corpus delicti,* and there is no evidence of any confession or statement of guilt; and where the court, at defendant's request, instructed the jury that defendant was not guilty if he made the change or alteration complained of in the ordinary course of business of keeping the accounts in the treasurer's office, and fully charged the jury as to the necessity for proof of defendant's guilt beyond all reasonable doubt.

ID.—REFUSAL OF REQUEST AS TO WEIGHT OF DEFENDANT'S EVIDENCE—INSTRUCTION AS TO ALL WITNESSES.—The court did not err in refusing to give an instruction as to the weight to be given to the testimony of the defendant, where the correct rule was given as to all witnesses, as embodied in section 1847 of the Code of Civil Procedure.

ID.—INSTRUCTIONS AS TO LEDGER.—The court properly refused requested instructions to the effect that the ledger in question was not a public record, and was not filed or deposited in the office of the treasurer, and properly gave instructions to the contrary.

ID.—REFUSAL OF REQUEST AS TO PROOF OF FRAUD.—The court properly refused a requested instruction that the people must prove the allegation of fraud.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Choynski & Humphreys, and Costello & Costello, for Appellant.

U. S. Webb, Attorney General, and Robert W. Harrison, for Respondent.

HALL, J.—The defendant was charged by indictment with a felony under sections 113 and 114 of the Penal Code. Upon

his trial he was found guilty as charged, and upon judgment being pronounced against him he appealed to this court from the. judgment, and the orders denying his motions in arrest of judgment and for a new trial. The order denying defendant's motion in arrest of judgment is not appealable (Pen. Code, sec. 1237), but this is of no consequence, for any error committed by the court in denying such motion is reviewable on appeal from the judgment (Pen. Code, sec. 1259).

Section 113 of the Penal Code provides that "Every officer having the custody of any record, map or book, or of any paper or proceeding of any court, filed or deposited in any public office, or placed in his hands for any purpose, who is guilty of stealing, willfully destroying, mutilating, defacing, altering or falsifying, removing or secreting the whole or any part of such record, map, book, paper or proceeding, or who permits any other person so to do, is punishable by imprisonment in the state prison not less than one year nor more than fourteen years."

Section 114 of the Penal Code provides that "Every person not an officer such as is referred to in the preceding section, who is guilty of any of the acts specified in that section, is punishable by imprisonment in the state prison not exceeding five years, or in the county jail not exceeding one year, or by a fine not exceeding one hundred dollars, or by both."

The indictment does not charge that defendant was an officer such as is referred to in section 113, but expressly alleges that he was not such officer.

The *gravamen* of the charge set forth in the indictment is that defendant on or about the seventeenth day of May, 1906, did willfully, unlawfully, feloniously, knowingly and fraudulently alter and falsify an entry in a certain book designated as the "ledger," filed and deposited in the treasurer's office of the city and county of San Francisco, and in which were stated, kept and entered the accounts of the various special funds of said city and county, including the police court bail money special fund. As appears from the allegations of the indictment, prior to the alteration and falsification charged against defendant, there was an entry in said ledger under date of April 17, 1906, consisting of the figures "605," indicating and intended to indicate that the sum of $605 and no more had been disbursed by the county treasurer on the four-

teenth day of April, 1906, out of the police court bail money special fund, and in truth and in fact the sum of $605 and no more had been so disbursed by said treasurer on said day. That defendant, well knowing that said entry of the figures "605" correctly represented the amount of disbursements by the said treasurer out of said fund on said date, did on or about the said seventeenth day of May, 1906, willfully, unlawfully, feloniously, knowingly and fraudulently alter and falsify said record, book and paper, to wit, said ledger, and particularly said entry of the figures "605," by then and there inserting before said figures "605" the figure "5," so that the figures as they stood and appeared after such alteration were "5605," whereby it was made to appear by said record and book and the said entry as so altered, that the amount of money paid and disbursed by said treasurer out of said fund, on the day when said $605 was disbursed was the sum of $5,605, whereas in truth and in fact the sum of $605 and no more was disbursed by said treasurer from said fund.

It thus appears that though it is in form charged that defendant *altered* and *falsified* the entry, the alteration charged was in fact a falsification of the entry. The trial court took this view of the indictment, and accordingly charged the jury to the effect that they must acquit the defendant unless they were fully satisfied beyond a reasonable doubt that the alteration of the entry rendered the entry false, and that defendant knew it to be false at the time of making it.

The indictment is quite long, and we have not attempted to set it forth at length, but only the substance of such part as we deem necessary to an understanding of the points involved in the contentions of appellant.

To the indictment the appellant filed a demurrer, which was by the court overruled, and appellant now urges that the court erred in so ruling.

It is claimed that the indictment is fatally defective in not alleging that the alteration or falsification was done with intent to defraud someone.

But the section under which the indictment was framed does not make a fraudulent purpose an ingredient of the offense, and it has accordingly been so held. (*People* v. *O'Brien,* 96 Cal. 171, [31 Pac. 45].) As was indicated in the O'Brien case the very wide range permitted in the punishment, which

may in the discretion of the trial judge be a light fine only, indicates that the legislature intended to cover cases involving little or no moral turpitude. We do not doubt that a falsification of a public record willfully and knowingly made is prohibited and punished under this statute without regard to the existence of any purpose to defraud. Such is clearly the rule laid down in *People* v. *O'Brien,* 96 Cal. 171, [31 Pac. 45].

It is also urged that the accounts kept in the treasurer's office of the various funds in his charge are not public records, and that any book in which such accounts are kept is not "filed or deposited in" such office.

While the law does not expressly require the treasurer of the city and county of San Francisco to keep a ledger, showing the accounts with the various funds in the treasurer's office, it clearly intends that he shall keep accounts with all the different funds in his charge. In chapter III of article IV of the charter of the city and county of San Francisco it is provided: "Sec. 2. The treasurer shall receive and safely keep all moneys which shall be paid into the treasury. . . . At the close of business each day he shall take an account of and enter in the proper book the exact amount of money on hand. At the end of each month he shall make out and file with the mayor and publish quarterly in the official newspaper a statement of the condition of the treasury, showing the amounts of receipts into and payments from the treasury, and on what account, and out of what fund. . . . He shall keep the account belonging to each fund separate and distinct, and shall in no case pay demands chargeable against one fund out of moneys belonging to another. . . ."

The duties of the bond and warrant clerk of the police court are set forth in chapter VIII of article V of the charter, and in section 5 thereof it is provided that "He must account for and pay to the treasurer all moneys received as bail. . . ."

Under the law it is thus the duty of the treasurer to receive, and upon proper order pay out, bail moneys. It is clearly his duty to keep a separate and distinct account of such receipts and disbursements. So much is distinctly required of him by the state law. What particular books of account he shall keep is not specified in the statute, but it is a matter of common knowledge that a ledger is a proper and

practically necessary part of any system of bookkeeping. It certainly should be a part of the system used in an office receiving and disbursing such vast amounts of money, belonging to so many different funds, as is the case in the treasurer's office of the city and county of San Francisco.

In order that an entry or record of the official acts of a public officer shall be a public record it is not necessary that such record be expressly required by law to be kept, but it is sufficient if it be necessary or convenient to the discharge of his official duty. "Any record required by law to be kept by an officer, or which he keeps as necessary or convenient to the discharge of his official duty, is a public record." (Cyclopedic Law Dictionary, p. 776.) Accordingly it has been held in Michigan that certain tax sales books, made and kept by the receiver of taxes, are public records, although there was no express statutory provision requiring such books to be kept. (*Burton* v. *Tuite,* 78 Mich. 363, [44 N. W. 282].)

In *Coleman* v. *Commonwealth,* 25 Gratt. (Va.) 865, [23 Am. Rep. 711], the defendant was indicted for having erased the figure "1" from the figures "$18,100" in the warrant-book of the sinking fund, so as to make them read "$8,100." It was contended that such warrant-book was not a public record. Although the statute did not expressly require such book to be kept the court held it to be a public record, and affirmed the judgment of conviction in the case. The court said: "Whenever a written record of the transactions of a public officer in his office is a convenient and appropriate mode of discharging the duties of his office, it is not only his right but his duty to keep that memorial, whether expressly required so to do or not; and when kept it becomes a public document— a record belonging to the office and not to the officer; it is property of the state and not of the citizen, and is in no sense a private memorandum."

In the case of the treasurer of the city and county of San Francisco, not only the nature of the duties to be performed by him requires that he keep accounts showing the receipts to and disbursements from the various funds in the treasury, but the statute expressly requires that he keep separate and distinct accounts of each fund. While the keeping of such accounts in a ledger is not expressly required, it is certainly an appropriate and practically necessary method of keeping such

accounts. When so kept we do not doubt that such accounts in such ledger belong to the public and are public records.

Much has been said in the brief of appellant upon the question as to whether or not the ledger entries are admissible as evidence of the facts therein shown. Whether they are or not is not important. In *McInerney* v. *United States*, 143 Fed. 729, [74 C. C. A. 655], the court was considering a statute almost identical with section 113, Penal Code, and in discussing what constitutes a record within the meaning of the statute, said: "But in a statute like the one in question, intended to protect government archives, the view is entirely different, because the word is used in a popular, or at least in a more general, sense. The purpose of the statute was not to describe a record which shall conclude rights, but records to be protected from destruction, and the purpose changes entirely the point of view, and consequently the sense of the words employed."

The purpose of our statute seems to be to protect the public archives from destruction, mutilation, alteration and falsification, and not to conclude or affect private rights. This is apparent by the omission, as an ingredient of the offense, of any fraudulent purpose or intent to injure anyone. (See *People* v. *O'Brien*, 96 Cal. 171, [31 Pac. 45].)

We are of the opinion that the entry alleged to have been falsified is a public record within the meaning of the statute. But it is also contended that the treasurer's books of account, showing the receipts and disbursements of his office, are not filed or deposited in his office within the meaning of the statute. We cannot agree with this contention. The purpose of the statute is not to protect or safeguard the act of filing or depositing, but to protect records in the custody of a public officer as such. The words "filed or deposited" as used in this statute are equivalent to "on file or on deposit." The account books of the treasurer, as such, are constructed in the treasurer's office, the records are made in such office, but when made they become and are records of the office, and are then on file and on deposit in such office, and are in the official custody and keeping of the treasurer.

In *People* v. *O'Brien*, 96 Cal. 171, [31 Pac. 45], the record altered was the record of a deed contained in a record book in the recorder's office. This book was doubtless procured just

as account books are procured by the treasurer. The record
of the deed was entered in the book in the recorder's office.
The method of putting the book and its contents on file or on
deposit, or in other words, into the official custody of the
officer, is the same in either case. No one would dispute that
a record of a deed in the county recorder's office is within
the statute. The accounts in the treasurer's office of his offi-
cial monetary transactions bear the same relation to his office
as the records of deeds in the recorder's office bear to his office.

Appellant also discusses the want of particularity concern-
ing the allegations that the alteration was fraudulently done,
but as we have already shown, a fraudulent purpose or intent
is not made by the statute an ingredient of the crime charged,
and such allegation may be disregarded as surplusage.

Defendant's attempt to demur for uncertainty is wholly
insufficient to present any such question for review. No at-
tempt is made in the demurrer to indicate in what particular
the indictment is not direct or is not certain. This is neces-
sary in order to raise any such question. (*People* v. *Brad-
bury*, 155 Cal. 808, [103 Pac. 215].)

The indictment states a public offense, and the court neither
erred in overruling the demurrer nor in denying appellant's
motion in arrest of judgment.

Over the objection of defendant the prosecution was allowed
to introduce much testimony tending to prove the commission
by defendant of other offenses than the one for which he was
indicted. It is undoubtedly the rule that evidence connect-
ing the defendant with the commission of other crimes wholly
independent of the one for which he is on trial is inadmis-
sible. But this does not exclude evidence of other crimes,
when such evidence logically tends to prove any fact neces-
sary or pertinent to the proof of the crime for which defend-
ant is being tried. "If the evidence of another crime is neces-
sary or pertinent to the proof of the one charged, the law
will not thwart justice by excluding that evidence simply
because it involves the commission of another crime. (*People*
v. *Tucker*, 104 Cal. 440, [38 Pac. 195].) The general tests
of the admissibility of evidence in a criminal case are: 1. Is
it a part of the *res gestae?* 2. If not, does it tend logically,
naturally and by reasonable inference, to establish any fact
material for the people, or to overcome any material matter

sought to be proved by the defense? If it does, then it is admissible, whether it embraces the commission of another crime or does not, whether the other crime be similar in kind or not, whether it be part of a single design or not.'' (*People* v. *Sanders*, 114 Cal. 216, [46 Pac. 153].)

To the same effect see *People* v. *Walters*, 98 Cal. 138, [32 Pac. 864] ; *People* v. *Rogers*, 71 Cal. 565, [12 Pac. 679] ; *People* v. *Lane*, 101 Cal. 513, [36 Pac. 16] ; *People* v. *Ebanks*, 117 Cal. 652, [49 Pac. 1049] ; *People* v. *McGlade*, 139 Cal. 66, [72 Pac. 660] ; *People* v. *Cook*, 148 Cal. 334, [83 Pac. 43] ; *People* v. *Bidleman*, 104 Cal. 608, 38 Pac. 502].

In the case at bar evidence was given tending to show a shortage in the money in the treasurer's office of $60,000. That besides the falsification of the ledger account charged in the indictment, evidence was given of two other false entries amounting to $15,000, and in addition evidence was given of other falsifications to the amount of $40,000. In other words, it was shown that the books kept by defendant and in his handwriting showed $60,000 of expenditures in excess of the actual expenditures. Thus did the defendant, as it is claimed by the prosecution, make his book balance with the money actually in the treasury.

As to the evidence concerning the shortage in the treasurer's office, it tended to show a motive for the defendant to make the falsification for which he was indicted. All the falsifications were part of one and the same scheme to conceal and make it difficult to discover the shortage. Evidence of all the falsifications was necessary to explain and make clear the motive and object of the defendant in making the particular falsification for which he was indicted. All this evidence tended to prove that the alteration for which he was indicted was not an innocent and lawful alteration made by defendant to correct an error in his books, and to thus make them conform to the truth (*Swamp Land Reclamation Dist.* v. *Wilcox,* 75 Cal. 443, [17 Pac. 241] ), as was claimed by him in a statement made to the deputy attorney general, but was a willful falsification made by him as part of a plan or scheme to conceal a shortage in the moneys in the treasury.

The evidence tending to prove that defendant removed and destroyed some leaves from the ledger containing accounts of the county clerk special fund was admissible upon the same

theory.. It was an attempt to conceal his criminal act. The destruction of a part of the ledger accounts made it more difficult to prove the shortage in the moneys, and consequently the falsity of the alteration for which defendant was being prosecuted. Concealment of a criminal act tends to a greater or less extent to prove the willfulness of the act as well as the criminal purpose with which it was done.

The court did not err in allowing under the circumstances disclosed by the record in this case the evidence complained of tending to prove the commission by defendant of other offenses.

Theodore Kytka was examined as an expert by the prosecution, and it is complained by the appellant that the court unduly restricted the cross-examination of the witness, in that the court sustained objections by the people to the questions: "How much of a bill have you presented the city and county of San Francisco for your work in this case?" and "How much have you been paid by the city and county of San Francisco in the past year for work done for the district attorney's office?" The court did allow appellant upon the cross-examination of the witness to show that he had been employed by the district attorney not only in this case but in other cases during the year, as well as by the police department.

That an expert has been employed and paid by the party calling him is a proper matter for consideration by the jury as going to the credibility of the witness. This is as far as the cases cited by appellant go (*Wrisley* v. *Burke,* 203 Ill. 250, [67 N. E. 818]; *Jones* v. *Portland,* 88 Mich. 598, [50 N. W. 731, 16 L. R. A. 437]). This the court allowed appellant to do, and only refused to allow a showing as to the amount paid. Such a showing would have opened the door for a long examination as to the kind and extent of the services rendered. Under the circumstances we do not think the court erred in the two rulings complained of.

Complaint is also made of the ruling of the court sustaining an objection to the question: "During your experience in that office, was it possible for the bookkeeper to have access to any of the funds of the treasury?" This question clearly called for the opinion of the witness, for which reason the ruling of the court was correct.

Neither did the court err in refusing to grant the motion of appellant to strike from the evidence the ledger claimed to have been falsified. This motion was urged upon the ground that such ledger was not a public record. This ground we have disposed of in discussing the demurrer to the indictment.

The defendant requested the court to instruct the jury as follows: "The guilt of the defendant cannot be proved by the confessions or statements of the defendant without other evidence or circumstances tending to show the commission of the crime, and unless there is other evidence it is your duty to acquit the defendant."

The court refused this instruction as well as one of similar import requested by defendant, and appellant now urges that error prejudicial to him was thereby committed.

The instruction above set forth is correct as an abstract proposition of law, and the court might well have given it (*People* v. *Thrall,* 50 Cal. 415), but it does not necessarily follow that prejudicial error was committed in refusing the instruction. There is abundant evidence in the record, aside from any extrajudicial admissions or confessions of defendant, tending to show the commission of the crime charged. There is no evidence in the record that defendant ever made any confession or admission of guilt. Appellant in his brief has not attempted to point out any evidence of admissions of defendant, but our examination has revealed that evidence was given to the effect that he admitted that the entry claimed to be false was made by him, but in this connection his counsel in open court admitted the entire entry to be in his handwriting. Evidence was also given to the effect that defendant before his indictment admitted that after the great conflagration of April 18, 1906, he had written the figure "5" before the figures "605," but this was coupled with the statement that this was done to correct the entry and thus make it conform to the truth. As pertinent to this phase of the evidence the court, at defendant's request, charged the jury that defendant was not guilty if he made the change or alteration complained of in the entry in question in the ordinary course of business of keeping the accounts of the treasurer's office, and that their verdict must be not guilty unless they were fully satisfied from the evidence beyond a reasonable doubt that the change so

made rendered the entry false, and that the defendant knew it to be false at the time of making it.

The court fully charged the jury as to the necessity for proof of defendant's guilt beyond all reasonable doubt. There is in the record abundant evidence, not only of the *corpus delicti*, but that defendant committed the crime charged, aside from the evidence of extrajudicial admissions. Indeed there is no evidence of any extrajudicial admissions concerning any controverted matters save the evidence to the effect that he admitted that he changed the original entry of "605" to "5605" to correct an error, and to thus make the entry conform to the truth. Upon this state of the evidence as disclosed by the record, it is beyond the realm of possible belief that the jury could have found him guilty as charged solely upon the evidence of any extrajudicial admission. Defendant never admitted that the insertion of the figure "5" before the figures "605" rendered the entry false, or that he knew such entry to be false, both of which facts the court charged the jury to be necessary to be proved beyond a reasonable doubt before a verdict of guilty could be rendered. It was not only proved outside of his extrajudicial admission, but it was admitted in open court that the entire entry in question was in defendant's handwriting. The only proof of its falsity and of his knowledge of its falsity was evidence other than evidence of his extrajudicial admissions. For these reasons it is clear to us that defendant could not have been injured by the refusal of the court to give the instruction in question.

Appellant asked for an instruction concerning the weight to be given the testimony of the defendant. This instruction was in the language of the instruction challenged by the defendant in *People* v. *Hill,* 1 Cal. App. 414, [82 Pac. 398]. In that case the court held that no error was committed to the prejudice of defendant, but it does not follow that a defendant would be entitled to have such an instruction given. The instruction as requested contains the statement, "And in judging of the defendant who has testified before you, you are in duty bound to presume that he has spoken the truth; and unless that presumption has been legally repelled his evidence is entitled to full credit." It may be seriously doubted whether or not this statement is not an invasion of the right

of the jury to judge of the credibility of all the witnesses. It contains a very direct instruction that his evidence is entitled to full credit, with a somewhat vague suggestion that the presumption of its truth may be in some way, not stated, legally repelled. The court did give the correct rule as to all witnesses as set forth in section 1847, Code of Civil Procedure, as follows: "A witness is presumed to speak the truth. This presumption, however, may be repelled by the manner in which he testifies, by the character of his testimony, or by evidence affecting his character for truth, honesty or integrity, or his motives, or by contradictory evidence, and the jury are the exclusive judges of his credibility." The defendant was a witness, and this rule covered his case as well as that of other witnesses. Under it the jury would properly understand that in judging of the credibility of the evidence given by a defendant they would have a right to consider his motives, that is, his interest in the case, and for that reason refuse to give full credit to his testimony. We think that the rule as given by the court in the language of the statute, as to the powers and duty of the jury in judging of the credibility of witnesses more clearly and fairly states the law than does the requested instruction refused by the court. And for this reason the court did not err in refusing such instruction.

The court refused to give several long instructions requested by defendant as to what constitutes a public record, and as to what is meant by filed and deposited. We do not deem it necessary to set out these instructions. Suffice it to say that they were all pointed to the proposition that such a ledger as the indictment charged to have been kept was not a public record, and was neither filed nor deposited in a public office within the meaning of sections 113 and 114 of the Penal Code. If what we have said concerning the character of the ledger and the entries therein in discussing the demurrer be correct, the instructions were properly refused.

For the same reason the court did not err in giving the following instruction: "If you find from the evidence in the case to a moral certainty and beyond a reasonable doubt that 'People's Exhibit A in evidence' is and was at all the times mentioned in the indictment a loose leaf ledger and book, and that at all of said times it was physically kept in the office of the treasurer of the city and county of San Francisco, state

of California, and that also at all such times there was then and there. and therein stated, kept and entered the accounts of various special funds of the said city and county, and that one of such funds was the police court bail money special fund, and that said fund and account thereof was therein known and designated as 'Special Fund Police Court Bail Money,' and that in said loose leaf ledger and book and in said account therein there was then and there at all of the said times kept and entered and stated a record of the various amounts of money disbursed by said treasurer out of the police court bail money special fund, in the custody of said treasurer of said city and county of San Francisco, then I instruct you as a matter of law that the same was a public record of the city and county of San Francisco, and that as a matter of law the said 'People's Exhibit A' was a book filed and deposited in the public office of said treasurer as stated in the indictment, and within the meaning of the provisions of sections 113 and 114 of the Penal Code.''

Neither did the court err in refusing appellant's instruction to the effect that the people must prove the allegation of fraud. As we have before seen, such allegation is surplusage and not an essential element of the offense under the statute.

It is claimed that the court erred in disallowing appellant's challenge to two jurors for actual bias. We think the evidence sufficient to support the ruling of the court.

Upon the whole record the defendant seems to have had a fair trial.

The judgment and order are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.