[Crim. No. 1127. Second Appellate District, Division Two.—November 12, 1924.]

## THE PEOPLE, Respondent, v. PEARL REDMOND, Appellant.

[1] CRIMINAL LAW—ROBBERY—POSSESSION OF REVOLVER—EVIDENCE.— In this prosecution for robbery, no error was committed in the admission of the testimony of a police officer concerning a revolver seen by him in defendant's possession previous to the date of the robbery.

---

(1) 16 C. J., p. 544, sec. 1035.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

S. S. Hahn for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

WORKS, J.—Defendant and another were jointly charged with the crime of robbery. Defendant was convicted and

---

1. See 22 Cal. Jur. 862.

appeals from the judgment and from an order denying her motion for a new trial.

The only point made by appellant is thus stated: ''The court erred in admitting the testimony of police officer, Fred G. Trosper, over the objection of the defendant concerning a revolver which he saw in the defendant's possession on the 8th day of February 1924, having no bearing or no connection with the crime with which appellant is charged, the robbery in question was alleged to have been committed on the 22d day of February, 1924. There was no evidence in the case that this defendant had in her possession a gun, or was there any evidence or testimony of any witness that the gun to which Police Officer Trosper testified was ever seen in the defendant's possession, or in her immediate presence on the 22d of February, 1924. It is obvious that the jury was influenced in finding their verdict of first degree robbery on the testimony of said police officer, Fred G. Trosper. *People* v. *Tucker,* 104 Cal. 443 [38 Pac. 195] ; *People* v. *Lane,* 100 Cal. 385 [34 Pac. 856].''

[1] The ''point'' presented by appellant is utterly unintelligible. We are not made acquainted with the nature of the testimony of the police officer ''concerning a revolver,'' and there is no reference to the transcript by means of which we may ascertain the nature of it. Laying that matter aside, it is to be observed that, apart from the authorities cited after the statement of the point, the question sought to be raised depends upon the assertion that evidence in the cause fails to show the existence of certain conditions on the day upon which the robbery occurred. This assertion lays but a feeble support for the point, whatever it may be. Despite the absence of evidence as to the existence of the specified conditions on the day of the robbery, we can conceive that there may have been other evidence which furnished a foundation for the testimony of the officer ''concerning'' the revolver, if, indeed, any foundation extraneous to that testimony itself were necessary. The chain of testimony leading up to the officer's evidence upon the subject of the revolver is set forth in respondent's brief and we can perceive no error which was committed in the admission of his testimony.

The two cases cited by appellant bear no relation to anything said in the statement of her "point." Respondent's counsel, however, draw upon their imagination to the extent of stating, doubtless upon a reading of the cases, that appellant contends that evidence of one offense cannot be admitted to show the commission of another. After performing this kindly office for appellant, respondent proceeds to dispose of the point upon two tenable grounds: First, it is not an offense for a person other than an alien to be possessed of a firearm, and, second, the evidence concerning the "gun," which apparently related to its possession by appellant, was evidence of a collateral fact tending to support the charge of robbery, and therefore admissible. Strange to say, both the cases cited by appellant support this latter proposition.

Judgment and order affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 9, 1924.