[Crim. No. 1696. Third Appellate District.—October 31, 1939.]

THE PEOPLE, Respondent, v. HAROLD R. McATEE, Appellant.

J. Oscar Goldstein, Burton J. Goldstein and James M. Popper for Appellant.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

THOMPSON, J.—The defendant, who was acting as special investigator and also as clerk for J. R. King, Jr., the district attorney and the public administrator of Butte County, was convicted by a jury on three counts of an indictment charging him, under section 114 of the Penal Code, with wilfully mutilating, altering and falsifying the register of probate proceedings kept by the public administrator, with respect to three separate estates which he was probating. The register was kept pursuant to section 1151 of the Probate

Code. A judgment of conviction was rendered accordingly. A motion for new trial was denied. From the order denying a new trial and from the judgment this appeal was perfected.

For the purpose of this appeal it is conceded the defendant altered the probate register as charged in the indictment. It is contended, however, that the probate register of the public administrator is not such "public record" as is contemplated by sections 113 and 114 of the Penal Code, the altering of which constitutes a felony. On the contrary, it is asserted that register is merely a private record of probate cases which the public administrator is authorized to change at will, and that the defendant merely altered it at the request of that officer. A reversal of the judgment is also sought for alleged errors of the trial court in refusing to give to the jury certain proffered instructions.

The judgment of conviction is adequately supported by the evidence. The record shows that J. R. King, Jr., was the duly elected, qualified and acting public administrator of Butte County. As such officer he maintained a register of probate proceedings, as required by section 1151 of the Probate Code. In 1938, he was engaged in probating three estates of deceased persons, namely, the estates of Estelle Dillingham, Della Tarleton and William Simonton. In his register of probate proceedings, he had entered as required by law the amount of money and property which came into his possession as administrator of those estates, together with the other data of probate proceedings required by the preceding section. The defendant, as the clerk and agent of Mr. King, collected money and took possession of property belonging to those estates, some of which were not accounted for. He had access to the probate register. In November, 1938, he cut out and destroyed one page of the register containing a portion of the record of the Tarleton estate. During the same month he removed and destroyed a part of the probate record of the Dillingham estate, and he erased, changed and reduced the figures showing the cash received in the Simonton estate. ▉ He claims to have destroyed or altered those records at the request of Mr. King. Even though he violated the provisions of section 113 of the Penal Code, by mutilating, destroying, altering and falsifying the records of the public administrator's register at that officer's request, which we do not determine, he would still be guilty as a principal under

the provisions of section 971 of the Penal Code. The question of the motive with which the defendant altered and destroyed the records was solely a problem for the determination of the jury. In effect, the jury found that he did so alter and destroy portions of the record wilfully and feloniously.

■ The register of probate proceedings which the public administrator is required by law to keep pursuant to section 1151 of the Probate Code constitutes a public record, the mutilation, falsification or destruction of which comes within the inhibitions of sections 113 and 114 of the Penal Code. Section 4181 of the Political Code requires the public administrator to perform the duties imposed upon him by chapter 20, division 3 of the Probate Code. Section 1151 of the Probate Code provides that:

"The public administrator shall keep a book, to be labeled 'Register of Public Administrator', in which he shall enter the name of every decedent whose estate he administers, the date of granting letters, the money received, the property appraised and its value, the proceeds of all sales of property, the amount of his fees, the expenses of administration, the amount of the estate after all charges and expenses have been paid, the disposition of property on distribution, the date of his discharge, and such other matters as may be necessary to give a full and complete history of each estate administered by him"

The public administrator is charged with a trust of vital importance. As a public officer he is entrusted with the administration of estates of deceased persons who have no relatives within the jurisdiction. (Sec. 422, Prob. Code; 11B Cal. Jur. 900, sec. 1369; 24 C. J. 1201, sec. 2872.) He should be efficient, diligent and scrupulously honest in handling the property and estates entrusted to him. For that reason he is required by law to keep a register of actions in which he must enter all proceedings specified in section 1151 of the Probate Code. He must also render to the probate court every six months a full and true report of all property and proceedings incident thereto, and he must also publish those reports in a newspaper or post them in the office of the county clerk and file them in the estates pending in the probate court. (Sec. 1153, Prob. Code.) The evident purpose of those sections is to prevent fraud and insure an honest administration of the estates. The evil of permitting wilful al-

terations of such a public register of probate actions required by law to be kept by the public administrator is apparent. Clearly the wilful mutilation, falsification, alteration or destruction of that probate register comes directly within the inhibitions of sections 113 and 114 of the Penal Code.

Section 113 of the Penal Code provides that:

"Every officer *having the custody of any record,* map, or book, or of any paper or proceeding of any court, filed or deposited in any public office, or placed in his hands *for any purpose,* who is guilty of stealing, wilfully destroying, mutilating, defacing, altering or falsifying, removing or secreting the whole or any part of such record, map, book, paper, or proceeding, or who permits any other person so to do, is punishable by imprisonment in the state prison not less than one nor more than fourteen years."

The following section, under which the defendant in this case was convicted, reads as follows:

"*Every person not an officer* such as is referred to in the preceding section, who is guilty of any of the acts specified in that section, is punishable by imprisonment in the state prison not exceeding five years, or in a county jail not exceeding one year, or by a fine not exceeding one hundred dollars, or by both."

There is therefore no fatal variance between the allegations of the indictment and the proof which was adduced. The judgment is supported by the evidence.

The case of *Dwinelle* v. *Henriquez,* 1 Cal. 387, upon which the appellant relies, is not in conflict with our theory that the public administrator's register of actions is a public record, the wilful alteration, falsification or destruction of which is punishable by the terms of sections 113 and 114 of the Penal Code. All that case determined is that under the statutes as they then existed a public administrator was personally liable for the payment of compensation to an attorney hired to probate an estate. That was true until section 1619 of the Code of Civil Procedure, now section 910 of the Probate Code, was amended in 1905 to allow the attorney to apply directly to the estate for his compensation. The Dwinelle case makes no reference to the probate register of the public administrator required by law to be kept. It does, however, concede that the public administrator is a public officer. There can be no doubt of that fact. Section 4013

of the Political Code includes the public administrator among the legally enumerated county officers. The public administrator has been definitely held to be a public officer. (*County of Los Angeles* v. *Kellogg*, 146 Cal. 590 [80 Pac. 861]; *Estate of Miller*, 5 Cal. (2d) 588, 593 [55 Pac. (2d) 491].) In 21 California Jurisprudence, page 923, section 100, it is said: "A public administrator obtains letters of administration *not as an individual, but by virtue of his office.*" As such public officer the law requires him to keep a register of probate proceedings which is included among the books, documents and records, the wilful alteration, falsification or destruction of which constitutes a felony under the provisions of sections 113 and 114 of the Penal Code.

▇ The court did not err in refusing to give to the jury defendant's proffered instructions numbered 18, 19 and 20. Those instructions were adequately covered by other instructions which were given to the jury in the charge of the court. Defendant's instruction number 18, which was refused, contained four elements. By its terms the jury was charged that the defendant must be acquitted unless they found that, (1) he made the alterations in the administrator's register as charged in each count of the indictment; (2) that the alterations were not made by him "in the ordinary course of business"; (3) that the alterations were *false* entries in the record, and, (4) that he knew them to be false.

We may assume that alterations in a public record would not violate sections 113 and 114 of the Penal Code unless they are false, and that the accused person knew the alterations were false. If a record is changed in good faith to make an erroneous statement of facts speak the truth, such alteration would lack the criminal intent to violate the provisions of the statute. (*People* v. *Tomalty*, 14 Cal. App. 224, 229 [111 Pac. 513].) The charge which was given to the jury covered all of the elements of the crime included in the refused instruction. The defendant was acquitted on the first count, and we shall, therefore, not consider the application of the omitted instruction to that portion of the indictment. In instruction number 5, the court specifically charged the jury with respect to each essential detail of the offense of "unlawfully, wilfully, knowingly and feloniously" altering, mutilating, falsifying and destroying portions of the public administrator's probate register. The jury was informed

with respect to the second count that the defendant *removed, destroyed and secreted* page 37 of that book affecting the estate of Dillingham, and inserted in lieu thereof ''spurious, incomplete and *false written entries''* which were known to him ''to be wholly false''. With respect to the third count, the jury was charged that he did ''remove, destroy and secrete'' page 23 of the probate record affecting the estate of Tarleton, and inserted in lieu thereof ''certain spurious, incomplete and false written entries'' which were known by him ''to be wholly false''. With respect to the fourth count the jury was charged that the defendant ''did falsify and alter'' page 74 of the probate record affecting the estate of Simonton, by changing the figure representing cash receipts so as to reduce a charge of $1.99 to the sum of $184.50, and changed another item of $184.50 to the sum of $1.00; that these alterations were wholly false and known to the defendant to be ''false, spurious and untrue''. That instruction then charged the jury that ''each element of the offenses must be so proved'', and that every material allegation of each count of the indictment must be proved by the prosecution beyond a reasonable doubt, or the defendant would be entitled to an acquittal. In instruction number 11 the court specifically charged the jury that ''alterations made *in the ordinary course of business* are not prohibited by the said section 114''. It follows that the jury was elsewhere fully charged upon every essential element contained in that refused instruction. For the purpose of this appeal the defendant admitted that he made the alterations and changes in the probate register with which he was charged in the indictment. The refusal to give to the jury defendant's instruction number 18 was neither prejudicial nor erroneous.

Instruction number 19, the refusal of which is assigned as erroneous, was covered by instruction number 11, above referred to, which was given to the jury in almost the exact language contained in the refused instruction.

Instruction number 20, the refusal of which is assigned as reversible error, covers the same points which were included in number 18 which we have previously discussed. It merely informed the jury that the defendant could not be convicted unless the prosecution proved beyond a reasonable doubt that the entries which he made in the probate record were *false,* and that he knew they were false. For the reasons

above assigned, the refusal of this instruction was neither prejudicial nor erroneous.

The judgment and the order are affirmed.

Tuttle, J., and Pullen, P. J., concurred.