Tejpal S. SETHY, Plaintiff-Appellant,

v.

ALAMEDA COUNTY WATER DISTRICT et al., Defendants-Appellees.

No. 77–2165.

United States Court of Appeals, Ninth Circuit.

Aug. 16, 1979.

Stephen E. Ronfeldt, Legal Aid Society of Alameda, Oakland, Cal., for plaintiff-appellant.

James W. McKeehan, Rhodes, McKeehan & Bernard, Fremont, Cal., for defendants-appellees.

Before TRASK and ANDERSON, Circuit Judges, and WYATT,* District Judge.

PER CURIAM:

Plaintiff-appellant Tejpal S. Sethy appeals from the district court's March 18, 1977 order denying Sethy's motion for an award of attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, Pub.L. No. 94–559, 90 Stat. 2641, 42 U.S.C. § 1988.[1] We reverse.

On May 20, 1971, Sethy filed suit against the Alameda County Water District and certain named individuals. He sought injunctive relief and damages for alleged violations of the Fourteenth Amendment and 42 U.S.C. §§ 1981 and 1983. Following a six week trial, on September 29, 1972, the jury returned a verdict in favor of the individual defendants on all claims and against the Water District on the section 1981 claim. The jury assessed damages against the Water District in the amount of $35,000. In an order entered April 30, 1973, the district court awarded court costs to Sethy but denied his request for attorney's fees.[2] On October 12, 1973, the court entered judgment in Sethy's favor, directing the Water District to pay Sethy $35,000 in damages and to reinstate him to his former position. The Water District appealed the judgment to this court, and Sethy cross-appealed. On September 20, 1976, we filed an opinion affirming the district court's judgment. *Sethy v. Alameda County Water Dist.*, 545 F.2d 1157 (9th Cir. 1976) (en banc). The Water District petitioned for rehearing on October 4, 1976. The timely filing of the rehearing petition automatically stayed the issuance of this court's mandate. *See* Fed.R.App.P. 41(a). We denied the petition on October 26, 1976, and our mandate issued on November 3, 1976.

On October 19, 1976, the Civil Rights Attorney's Fees Awards Act of 1976 was signed into law by the President. Sethy applied to the district court for an award of attorney's fees under the Act. On March 18, 1977, the district court denied Sethy's request, holding that the Act did not apply because our opinion affirming the judgment was filed before October 19, 1976, and that even if the Act did apply Sethy was not entitled to an attorney's fees award.[3]

---

* Honorable Inzer B. Wyatt, Senior United States District Judge, for the Southern District of New York, sitting by designation.

1. 42 U.S.C. § 1988 reads, in pertinent part: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

2. In its April 30, 1973 order, the district court denied Sethy's request for attorney's fees for these reasons:

"[T]he plaintiff requests attorney's fees and costs of suit. The Court will award costs of suit, to be recovered by the plaintiff from the defendant Water District as authorized by Rule 54(d), Fed.R.Civ.P. However, there is no statutory provision authorizing the award of attorney's fees in this type of action. In the fact [sic] of such statutory silence, the courts have generally placed the award of attorney's fees within the equitable

discretion of the trial court. *See, e.g., Williams v. Kimbrough*, 415 F.2d 874, 875 (5th Cir. 1969), *cert. denied*, 396 U.S. 1061, 90 S.Ct. 753, 24 L.Ed.2d 755 (1970).

In light of the split verdict among the defendants in this case, and in view of the fact that the jury has awarded money damages, this Court will deny the award of attorney's fees to the plaintiff herein."
C.R. 171–72.

3. It is the March 18, 1977 order which Sethy challenges in this appeal. That order incorporated by reference the reasoning set forth in the April 30, 1973 order. *See* n.2 *supra.* The relevant portion of the March 18, 1977 order reads as follows:

"4. *Attorneys' Fees*

Although an award of attorneys' fees was authorized by the Civil Rights Attorneys' Fees Awards Act of 1976 in cases of employment discrimination brought pursuant to 42 U.S.C. § 1981, and although the Ninth Circuit has held that the Act applies retroactively to all cases pending on the date of its enactment, plaintiff's motion for reconsideration of the court's denial of attorneys' fees is denied.

First, this case was not pending on the date of enactment. The Act was signed into law on October 19, 1976; the Ninth Circuit af-

In *Hutto v. Finney*, 437 U.S. 678, 694–95 n.23, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), the Supreme Court held that the Act applies to all cases in which appeals were pending on October 19, 1976. *See also Molina v. Richardson*, 578 F.2d 846, 854 (9th Cir. 1978); *Fountila v. Carter*, 571 F.2d 487, 496 (9th Cir. 1978); *Verrilli v. City of Concord*, 557 F.2d 664, 665 (9th Cir. 1977); *Stanford Daily v. Zurcher*, 550 F.2d 464, 466 (9th Cir. 1977), *rev'd on other grounds*, 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978). The first question we must decide is whether Sethy's case was "pending" on October 19, 1976. We hold that it was.

Although our opinion affirming the district court's judgment was filed before the Act was signed, our mandate did not issue until November 3, 1976, fifteen days after the Act went into effect. This court retained control of the judgment until the mandate issued. *See Aerojet-General Corp. v. American Arbitration Ass'n*, 478 F.2d 248, 253–54 (9th Cir. 1973). Given this retention of control, the Water District's appeal and Sethy's cross-appeal were considered "pending" in this court until finality was achieved on November 3, 1976. Therefore, Sethy was entitled to request an award of attorney's fees under the Act. The district court erred in holding otherwise.

Having decided that the district court had discretion to award attorney's fees to Sethy, we now turn to the remaining question of whether the court abused its discretion in denying an award. Congress plainly intended that successful plaintiffs "should ordinarily recover an attorney's fee unless special circumstances would render

such an award unjust." S.Rep. No. 94–1011, 94th Cong., 2d Sess. 4, *reprinted* in [1967] U.S.Code Cong. & Admin.News pp. 5908, 5912, *quoting Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). *See also Mid-Hudson Legal Services, Inc. v. G & U Inc.*, 578 F.2d 34, 37–38 (2d Cir. 1978); *Wharton v. Knefel*, 562 F.2d 550, 557 (8th Cir. 1977). Implicit in this expression of congressional intent is a requirement that a court which denies an award of attorney's fees must issue findings of fact and conclusions of law identifying the "special circumstances" and explaining why they render an award unjust. The court below identified three such circumstances:[4] (1) an award to Sethy would be an undeserved "windfall"; (2) Sethy was only partially successful on the merits (*i. e.*, the jury found the Water District liable but found the individual defendants not liable); (3) the jury awarded money damages. We conclude that none of these factors was a "special circumstance" warranting denial of attorney's fees.

The first ground is manifestly inadequate. An award of attorney's fees in the instant case would no more constitute an undeserved "windfall" than did the awards in *Hutto v. Finney, supra,* and the numerous other cases in which the Act was given retroactive application. With regard to the second ground, the mere fact that Sethy was not victorious as to all defendants does not automatically bar an attorney's fees award. We agree with the First Circuit's view that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some

---

firmed, this court's decision in September, 1976. The court does not regard the motions now before it as maintaining the pendency of the action. This case was decided and affirmed prior to the Act's enactment date; all that is before the court now is certain details of implementation, and not the merits of the dispute itself.

Second, an award of attorneys' fees in any event lies within the court's discretion. Though the court should ordinarily award such fees unless special circumstances render such an award unjust, Congress expected

the courts to use their discretion to avoid windfall awards. *Compare Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), with *H.R.Rep. No. 94–1558, 94th Cong., 2d Sess. 9 (1976).*

To the extent that the Act is applicable to this case, therefore, the court denies an award of attorneys' fees for the reasons stated in its order of April 30, 1976 [sic—the year should be 1973]."

4. *See* nn. 2, 3, *supra.*

of the benefit the parties sought in bringing suit. However, the amount of attorney's fees they receive should be based on the work performed on the issues in which they were successful." *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978). Sethy succeeded on his 42 U.S.C. § 1981 claim against the Water District, which was one of the most significant issues in litigation (*see Sethy v. Alameda County Water Dist., supra*), and therefore he must be deemed a "prevailing party" within the meaning of the Act. The third ground listed by the district court—the jury's damages award—was also an insufficient basis on which to deny attorney's fees. The Act's legislative history states that "the mere recovery of damages should not preclude the awarding of counsel fees." H.R.Rep. No. 94–1558, 94th Cong., 2d Sess. 8 (1976).

■ It is, of course, conceivable that there are "special circumstances" associated with this case which warrant discretionary departure from the general rule that prevailing plaintiffs are entitled to recover attorney's fees. However, thus far the district court has not identified any such circumstances. We therefore reverse and remand the case to the court below for reconsideration in light of the policies which Congress sought to effectuate when it passed the Act. *See Molina v. Richardson, supra*, 578 F.2d at 854 n.16. On remand, if the district court is unable to identify any special circumstances that would render an award of attorney's fees unjust,[5] it should grant a reasonable fee based upon such factors as those enumerated in *Fountila v. Carter, supra*, 571 F.2d at 496.

The order of the district court is reversed, and the cause is remanded for further proceedings.

---

**5.** For an example of the special circumstances which another circuit considered sufficient to warrant denial of an attorney's fees award, *see*

*Naprstek v. City of Norwich*, 433 F.Supp. 1369 (N.D.N.Y.1977), cited with approval in *Nadeau v. Helgemoe, supra*, 581 F.2d at 279 n.3.