**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Donald Lee CALHOUN,**
**Defendant-Appellant.**

**No. 79–1017.**

United States Court of Appeals,
Ninth Circuit.

Sept. 20, 1979.

J. Toney (argued), Toney & Trivellini, West Sacramento, Cal., for defendant-appellant.

Julian G. Macias, Jr., Fern M. Segal, Asst. U. S. Atty. (argued), Sacramento, Cal., for plaintiff-appellee.

---

Before ELY and SNEED, Circuit Judges, and EAST *, District Judge.

SNEED, Circuit Judge:

Appellant Donald Calhoun appeals from his jury trial conviction for bank robbery, 18 U.S.C. § 2113(a)(d), and possession of a firearm by a convicted felon, 18 U.S.C.App. § 1202(a)(1). Because we find that the trial court admitted improper, prejudicial evidence, we reverse.

## FACTS

Two black males robbed the Citizens Savings and Loan in Sacramento, California July 17, 1978. The robbers wore masks with eye cutouts. Two tellers viewed one of the robbers for approximately sixty and fifty seconds, respectively. One shot was fired at the vault in an attempt to open it. Bullet fragments from the shot were collected for identification.

On August 15, 1978, appellant purchased a used car with $3,000 in small denomination bills that he removed from a brown paper bag. Two days later, the person from whom he bought the car recognized a photograph in a local newspaper, called the Federal Bureau of Investigation, and turned over $2,975 of the cash paid by appellant. Subsequent to a photo identification by one of the tellers, appellant was arrested August 18, 1978 while driving the recently purchased automobile. During a search of the car to which the appellant consented, agents discovered a loaded pistol concealed under the spare tire cover. Ballistics comparison revealed that the bullet fired in the robbery had been fired from the pistol found in appellant's trunk. Conflicting testimony indicated that appellant's sister received the pistol prior to the Citizens robbery, but that she was not the person who placed the gun in appellant's car.

At trial a large part of the government's case depended upon identification of the appellant by the two tellers. The government emphasized that appellant's unique eyes aided identification. The defense attempted to attack the identifications in several ways that were thwarted by the trial court's rulings.[1] Critical to our disposition, however, is the propriety of certain testimony elicited by the government on redirect examination of a prosecution witness. The government elicited testimony first that appellant paid for the car with $3,000 cash in small bills. On cross-examination of an agent, defense counsel brought out the fact that none of the $2,975 turned over to the agents was bait money that could be traced to the Citizens robbery:

Q. Was any of the money in that $2,975.00 taken from the Citizens Savings and Loan,—or were there any bait bills from Citizens Savings and Loan in that money?

A. Not from Citizens.

Reporter's Transcript at 161.

On redirect, the government, over objection, connected the bait bills to a different bank robbery. The agent testified that $70 of the bills were bait bills from an unrelated bank robbery for which appellant had not been charged. The appellant attacks the admission of this testimony.

## DISCUSSION

Federal Rule of Evidence 404(b) provides: Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

This provision is a so-called "inclusionary" rule; all evidence of other crimes relevant

---

* Honorable William G. East, Senior Judge of the United States District Court for the District of Oregon, sitting by designation.

1. Appellant attacks trial court decisions to exclude certain defense presentations and testimony. Such decisions are within the discretion of the trial court in managing the trial. In light of our holding as to the appellant's contention concerning prejudicial prosecution evidence, we need not reach these other arguments.

to an issue at trial is admissible under Rule 404(b) *unless* the evidence tends to prove only a criminal disposition. 2 Weinstein's Evidence ¶ 404[08]. The government's evidence will clear the Rule 404(b) hurdle in this case only if it was relevant to an issue at trial. Even if particular evidence is admissible under Rule 404(b), Rule 403 provides for discretionary exclusion:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Although the trial judge has broad discretion in assessing the balance of these factors in a given case, our duty is to reverse if we are convinced that there has been an abuse of discretion. *United States v. Hearst*, 563 F.2d 1331, 1348–49 (9th Cir. 1977), *cert. denied*, 435 U.S. 1000, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978).

We do not believe that the evidence the government elicited on redirect only tends to prove a criminal disposition on the part of the defendant. The government contends with considerable force that this evidence was relevant to rebut an exculpatory inference raised by the defense. It argues that the defense raised the bait bill issue, first by questioning the tellers to establish that the robbers of Citizens had taken bait bills, R.T. at 91, 132, and later by establishing that a check of the $2,975 against lists of bait bills did not show that any bait bills from the Citizens robbery were used by appellant to purchase the car, R.T. at 161. Having opened the door, it was proper, the government insists, to show that in fact some of the bills were bait bills from another robbery.

In support of its position, the government cites *United States v. Cook*, 538 F.2d 1000 (3d Cir. 1976). On cross-examination of a federal agent in that case, the defense attorney asked whether

> it was a federal crime to transport an unregistered firearm across state lines.

The agent answered that it was not, and further testified that the seized pistol appeared to be a legal weapon. The defense attorney next asked whether it was against Maryland law to carry a concealed weapon. The agent answered affirmatively  .   .  . .

538 F.2d at 1002.

The trial court then allowed the prosecution to establish that the defendant had been convicted of sodomy previously and thus it was a federal crime for him to be in possession of a firearm. The Third Circuit, however, reversed the conviction. The circuit court recognized that evidence of other crimes could be introduced "to dispel an exculpatory implication implanted by the defense attorney during cross-examination of a prosecution's witnesses." 538 F.2d at 1004. Although it thus found the prior conviction relevant, it applied the balancing analysis of Rule 403 and reversed, stating:

> If the inference suggested to the jury is only vaguely favorable to the defendant, is irrelevant to the issues at trial, and does not truly harm the government's case, then the need to refute that inference is not sufficient to outweigh the risk of prejudice that would be posed by the introduction of evidence of other crimes.

538 F.2d at 1004–05.

We believe our disposition should be guided by *Cook*. In pursuing the bait bill question as it did at trial, the defense sought to imply that the $2,975 did not derive from the Citizens robbery. The testimony elicited from the tellers and from the agent was all directed to this exculpatory goal. Testimony that $3,000 in $20 and smaller denominations were used to purchase a car obviously implied that the money may have come from the Citizens robbery. That the money was pulled from a brown paper bag strengthened this inference. The defense sought to demonstrate that the government had not established that the bills came from the Citizens robbery. Not content with the still strong inculpatory implication of the manner of payment, the government then

went further and sought to connect the appellant with another robbery.

■ This it should not have done. If strengthening of its already strong inference on redirect were thought necessary, it perhaps could have been done by eliciting responses concerning the denominations of the bills taken from the Citizens robbery and the approximate number of bait bills in the Citizens robbery loot. Even if this means of inference strengthening were not available, the exculpatory force of the defense bait bill inquiry was relatively weak. The possible prejudicial effect of the prosecution's evidence strongly implying that the bait bills came from another robbery, on the other hand, is quite apparent. In short, we believe the probative value of this evidence is substantially outweighed by the danger of unfair prejudice. Therefore, it should have been excluded pursuant to Rule 403. Not to have done so constitutes an abuse of discretion.

We also reject the argument that the prosecution's error was harmless. The government's case rested in large part on witness identification based on brief exposure to a robber wearing a mask covering all but the eyes and upon a gun given to the appellant's sister and found in his car. The elicited evidence linked the appellant to a bank robbery, the precise type of crime with which he was charged. A reasonable jury could have regarded this as the evidence that provided the final weight that enabled it to find the appellant guilty beyond a reasonable doubt. .

REVERSED.