**Gordon H. COHN, Plaintiff-Appellant,**

v.

**Richard William PAPKE and Joseph Charles Brazas, Defendants-Appellees.**

**Nos. 79-3531, 79-3664 and 79-3729.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 1981.

Decided Aug. 31, 1981.

Michael R. Mitchell, Woodland Hills, Cal., for plaintiff-appellant.

Richard M. Helgeson, Deputy City Atty., Los Angeles, Cal., argued for Papke, et al.; S. Thomas Todd, Deputy City Atty., Los Angeles, Cal., on brief.

Lucas Guttentag, Los Angeles, Cal., for amicus curiae NAACP.

Before BROWNING, Chief Judge, NELSON, Circuit Judge, and MUECKE,* District Judge.

PER CURIAM:

Claiming that he was a victim of police brutality, plaintiff-appellant Gordon Cohn brought this suit pursuant to 42 U.S.C. § 1983 and California law, seeking general and punitive damages from defendants-appellees Richard Papke and Joseph Brazas, Los Angeles police officers. Cohn alleged deprivation of specified constitutional rights and invoked pendent jurisdiction for parallel state causes of action.

Trial by jury commenced on May 8, 1978. The jury rendered a verdict in favor of both of the appellees and against Cohn. The district court then awarded the appellees attorney's fees in the amount of $14,000. Cohn appeals both the judgment on the verdict and the award of attorney's fees. We find merit in one of his numerous claims, and thus we reverse the judgment, vacate the award of attorney's fees, and remand for further proceedings in light of this opinion.

The reversible error we find was the introduction of testimony and psychiatric reports concerning Cohn's prior sexual experiences and sexual preferences. On one of the nights in question, Cohn was arrested by Officers Papke and Brazas on the charge that he had solicited Officer Brazas to engage in a homosexual act. Cohn testified that he had not solicited the officer and that the officer had misinterpreted his actions. Cohn claimed that he had behaved as he did because he was gathering information for an article he was writing about vice operations in the area.

In an attempt to show that Cohn had solicited the officer, the appellees then offered the offending evidence. During the cross-examination of Cohn, the appellee's counsel off-handedly asked Cohn: "By the way, Mr. Cohn, are you bisexual?" Cohn's counsel strenuously objected at side bench, with objections similar to those he had made to the judge prior to the trial:

> [The question] is [i]rrelevant and immaterial to any issue in this case, your Honor. The question of whether he was bisexual or homosexual can in no way be related to whether or not he would have a tendency to solicit either male or female or any other kind of prostitution.
>
> The connection is far too great a one to ever make. In addition, we object on the grounds that it would be highly prejudi-

---

* The Honorable C. A. Muecke, United States District Judge for the District of Arizona, sitting by designation.

cial if in fact he responded yes, simply because society doesn't accept that kind of behavior at this particular time.

Appellees' counsel then indicated that he was asking this question in an effort to "impeach" Cohn:

Your Honor, there has been a denial from reading over the pretrial conference order and the information elicited from Mr. Cohn that he is in fact not a homosexual, as far as I understand it, and is not bisexual; therefore, he could not have solicited an act of prostitution dealing with a member of the male sex.

I believe that the question asked goes to that particular issue as to whether Mr. Cohn is physically capable of involving himself in a homosexual act.

The judge then ruled that the evidence was admissible:

He was charged with soliciting and his defense is that he was not soliciting, he was just out getting articles and materials for an article he was going to write.

We think it is relevant testimony and the objection will be overruled.

The court thus allowed the question, stating that it was relevant. The court also allowed Cohn to be questioned further about his sexual preferences and sexual experiences. Briefly, Cohn ultimately testified that he had had homosexual experiences before, which he stated meant that he had masturbated with another man. He denied, however, ever being paid for the sexual use of his body, or paying for such use of another's, ever committing sodomy or oral copulation with a man, or ever soliciting prostitution.

In addition, the appellees offered and the judge admitted portions of previous psychiatric evaluations of Cohn. These records stated that Cohn had told a psychiatrist more than a year before the incidents in question that he was bisexual, that he had infrequent homosexual experiences from ages 12–19 and more frequently after that, that he had an "intense desire for girls" and "vivid sexual fantasies," and that he had

experienced "numerous heterosexual relationships by age 13." Over objections, the court admitted the excerpts on the grounds that they were "proper impeachment" and were "admissions and conclusions."

First, we have doubts whether some of this evidence was even relevant in the most basic sense. The Federal Rules of Evidence[1] define relevant evidence as evidence tending to make the existence of a consequential fact "more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Certainly there is at least a serious question whether this evidence, and especially the evidence regarding Cohn's heterosexual experiences years earlier, was relevant at all. But, even assuming that all of this evidence was relevant under Rule 401, we still find that it should not have been admitted.

By the introduction of this evidence, the appellees stated that they were trying to impeach Cohn's claim that he was not homosexual or bisexual, and therefore not "physically capable" of committing a homosexual act. While evidence may be admissible for purposes of impeachment, the admission of this evidence was not justified because there was nothing to impeach. When this evidence was initially introduced Cohn had never claimed that he was heterosexual and so would not have solicited the officer. In fact, the only references to his sexual preferences and experiences made in court were made during cross-examination. There was no contention that Cohn was not physically capable of committing a homosexual act.

The only other purpose to which the evidence had any relevance was to show that it was within Cohn's character to commit homosexual acts from which it may be inferred that he was soliciting the officer in the hope of committing such an act on the night in question. Such use of this evidence is impermissible under Rule 404 of the Federal Rules of Evidence.

Rule 404 generally prohibits the admission of evidence of a person's character for

1. All references are to the Federal Rules of Evidence, unless otherwise noted.

the purpose of proving that the individual acted in conformity with that character on a particular occasion. Fed.R.Evid. 404; *see* C. McCormick, Handbook of the Law of Evidence § 188, at 445 (2d ed. 1972). The rationale behind this rule is the notion that this evidence has slight probative value but has a tendency to be highly prejudicial or to confuse the issues. *Reyes v. Missouri Pacific Railroad Co.*, 589 F.2d 791, 793 (5th Cir. 1979); C. McCormick, *supra*, at 445; J. Weinstein & M. Berger, 2 Weinstein's Evidence ¶ 404[03], at 404–20. The Notes of the Advisory Committee on the Proposed Rules [hereinafter "Committee Notes"] expressed this concern:

> "Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows · actually happened."

Committee Notes to Rule 404 (quoting California Law Revision Commission).[2]

■ The evidence of Cohn's past sexual experiences takes the focus of the jury away from the question of what actually happened that night and puts it on the character of the individual. Indeed, this use of this evidence was especially unjustified in this case because the appellees were not just trying to prove that Cohn was homosexual and would have committed a homosexual act that night, but they were also trying to prove that he was homosexual and would have *solicited* a homosexual act. Rule 404 does not allow such inferences to be made from such circumstantial evidence. *See Reyes*, 589 F.2d at 794 (evidence of appellant's prior misdemeanor convictions for public intoxication for the purpose of showing that he had a character trait of drinking to excess and that he acted in conformity with his character on the

night in question, was impermissible under Rule 404); *United States v. Klein*, 474 F.Supp. 1243, 1248 (S.D.N.Y.) *aff'd*, 614 F.2d 1292 (2d Cir. 1979), *cert. denied*, 447 U.S. 905, 100 S.Ct. 2985, 64 L.Ed.2d 853 (1980).

We also note that even if one should assume *arguendo* that there was a reason why this evidence was admissible under Rule 404, it still should have been excluded under Rule 403 of the Federal Rules of Evidence. Under this rule, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. The least clear of these reasons is discussed in the Committee Notes: " 'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." The balancing required under Rule 403 is left to the discretion of the trial judge and is not to be overturned unless there is an abuse of discretion. *Pierce Packing Co. v. John Morrell & Co.*, 633 F.2d 1362, 1364 (9th Cir. 1980); *United States v. Calhoun*, 604 F.2d 1216, 1218 (9th Cir. 1979); *United States v. Hearst*, 563 F.2d 1331, 1349 (9th Cir. 1977) (per curiam), *cert. denied*, 435 U.S. 1000, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978).

■ In this case, however, we find that the judge did abuse his discretion. This evidence was of very slight probative value, and the tendency for prejudice was great. There was a clear potential that the jury may have been unfairly influenced by whatever biases and stereotypes they might hold with regard to homosexuals or bisexuals or individuals who had "vivid sexual fantasies" and "numerous heterosexual relationships by age 13." "Evidence of homosexuality has an enormous proclivity for humiliation and degradation of a participant in a

---

2. Rule 404 contains several exceptions to the general rule, none of which is applicable here. For general discussions of the exceptions, see C. McCormick, *supra*, §§ 191–194, at 454–62; 2 Weinstein's Evidence, *supra* ¶ 404[08]–[17], at 404–44 to 404–99.

fashion completely unrelated to testimonial honesty." *Tinker v. United States,* 417 F.2d 542, 544–45 (D.C. Cir.), *cert. denied,* 396 U.S. 864, 90 S.Ct. 141, 24 L.Ed.2d 118 (1969). *See United States v. Nuccio,* 373 F.2d 168, 171 (2d Cir. 1967), *cert. denied,* 392 U.S. 930, 87 S.Ct. 1688, 18 L.Ed.2d 623 (1967) (court found that even an admission by the party of some homosexual tendency "would have gone only a small way toward proving" that he made the alleged homosexual advances and thus its slight probative value was outweighed by "the adverse effect of such evidence in improperly discrediting and embarrassing the witness"); *United States v. Wright,* 489 F.2d 1181, 1186 (D.C. Cir. 1973); *Kilarjian v. Horvath,* 379 F.2d 547, 548 (2d Cir. 1967) (per curiam) (court's refusal to admit portions of psychiatric report which stated that plaintiff's physical difficulties could be related to anxiety about being separated from his wife and children and to frustration about not being able to marry his secretary with whom he had been living, on grounds that the danger of prejudice outweighed its probative value, held not an abuse of discretion). Although we recognize that recently society generally has shown an increased tolerance of different sexual attitudes because the probative value of this evidence was so small, the possibility of unfair prejudice substantially outweighed the value of this evidence.

Because we find that the introduction of the evidence regarding Cohn's prior sexual experiences and preferences was extremely prejudicial to his chances of receiving fair consideration from the jury, we believe that the error affected the substantial rights of

Cohn, and thus he is entitled to a new trial.[3] Fed.R.Evid. 103; Fed.R.Civ.P. 61. *See Powell v. Levit,* 640 F.2d 239, 241 (9th Cir. 1981); *United States v. 1,071.08 Acres of Land, Yuma and Mohave Counties, Arizona,* 564 F.2d 1350, 1353 (9th Cir. 1977).

REVERSED and REMANDED.

---

**3.** Because of our disposition in this case, we need not reach the other issues raised in this appeal. We note, however, that at the conclusion of the new trial, should the court decide to grant attorney's fees to the appellees, as he did in the original trial, the court should make findings of fact and conclusions of law detailing the basis for his decision. *See Fountila v. Carter,* 571 F.2d 487, 496–97 (9th Cir. 1978) (when record on appeal did not indicate what factors were taken into account by the district judge in determining the amount of attorney's fees, this court remanded the case instructing the judge to make findings of fact and conclusions of law,

because without them meaningful review was impossible); *Kerr v. Screen Actors Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976) (same); *Sethy v. Alameda County Water District,* 602 F.2d 894, 897 (9th Cir. 1979), *cert. denied,* 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980) (per curiam) (this court held that if a plaintiff is the "prevailing party" and yet the district judge decides not to award that party attorney's fees under 42 U.S.C. § 1988, the judge must issue findings of fact and conclusions of law identifying the "special circumstances" that render an award inappropriate).