MR. JUSTICE SHEEHY,
dissenting:
My dissent in this case is based principally on the admission of testimony that Kutnyak had threatened two of his neighbors, although the District Court had earlier granted a motion in in limine that would foreclose such testimony.
The State here violated the court’s order by asking prohibited questions of Kutnyak, expecting, and getting answers to which it could then claim a right to impeach. In my book, that is trial by trickery.
Rule 404(b) M. R. Evid., disallows evidence of other crimes, wrongs or acts to prove the character of the defendant to show that he acted in conformity therewith. There the State abused that rule. Any threats defendant may have made to others tend only to show his character, that is, that defendant was a combative or non-peaceful man. Under Rule 404(b), that evidence is not relevant.
The State and many District Courts evince a tendency to allow the jury to review the whole of a defendant’s life to look for a particle that supports conviction. A different view of a trial should prevail, one confined to the crime charged, and the facts and circumstances connected to it. Extrinsic *177 evidence of other acts to prove intent or character should never be allowed unless relevant, unambiguous, and having a logical nexus to the crime charged. Cohn v. Papke (9th Cir. 1981), 655 F.2d 191; U.S. v. Dothard (11th Cir. 1982), 666 F.2d 498.