Matthew N. FRASER, et al.,
Plaintiffs-Appellees,

v.

BETHEL SCHOOL DISTRICT, NO. 403,
et al., Defendants-Appellants.

Nos. 83–3987, 83–4142.

United States Court of Appeals,
Ninth Circuit.

Jan. 15, 1987.

Jeffrey T. Haley, Simburg, Ketter, Haley, Sheppard & Purdy, Seattle, Wash., for plaintiffs-appellees.

William A. Coats, Clifford Foster, Jr., Kane, Vandeberg, Hartinger & Walker, Tacoma, Wash., for defendants-appellants.

Before WRIGHT, GOODWIN and NORRIS, Circuit Judges.

## ORDER DENYING ATTORNEYS FEES

The motion of plaintiffs-appellees, filed on December 8, 1986, for an award of "partial attorney's fees," is denied. They have not prevailed on any issue and no award of fees is warranted on any theory.

NORRIS, Circuit Judge (dissenting):

I respectfully dissent from the denial of Fraser's request for partial attorney's fees. Fraser is a "partially prevailing party" for purposes of 42 U.S.C. § 1988 because he

was awarded all of the relief he sought on one of his discrete constitutional claims presented to the district court.

Matthew Fraser was suspended from high school for two days and his name was removed from the list of candidates for commencement speaker after he delivered at a school assembly a campaign speech containing sexual innuendo. He sued the Bethel School District in federal court, alleging deprivations of his First and Fourteenth Amendment rights and praying for both monetary damages and injunctive relief allowing him to compete for commencement speaker. The district court afforded Fraser relief on two separate constitutional theories, holding both that the school's sanctions violated Fraser's First Amendment rights and that his disqualification from consideration for commencement speaker violated his due process rights because the school's disciplinary codes did not fairly warn that such a penalty might be imposed. The district court awarded Fraser monetary damages compensating him for his suspension and enjoined the school district from preventing him from speaking at graduation.

The School District appealed the district court's ruling to this court. We found that the School District's actions violated Fraser's First Amendment rights and upheld the district court's judgment awarding Fraser damages. *Fraser v. Bethel School District No. 403*, 755 F.2d 1356 (9th Cir.1985). However, because Fraser had already delivered a commencement speech by the time we considered the appeal, we vacated the injunction as moot and refused to review the district court's ruling that Fraser's disqualification from the graduation speaker competition violated his due process rights. *Id.* at 1365–66 & n. 12. The Supreme Court subsequently reversed our decision on the First Amendment question, concluding that the School District's actions did not violated Fraser's First Amendment rights. *Bethel School District No. 403 v. Fraser*, — U.S. —, 106 S.Ct. 3159, 92 L.Ed.2d 549 (1986). However, the Supreme Court agreed with us that the dispute over the appropriateness of the injunction became moot when Fraser delivered

his commencement speech, and the Court therefore did not address the merits of the due process question. *Id.* at 3167 n. *. Hence, the district court's ruling in Fraser's favor on his due process claim was never reviewed, let alone reversed, by any appellate court.

Under such circumstances Fraser must be deemed a "prevailing party" on the due process issue. " '[P]laintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' " *Sethy v. Alameda County Water District*, 602 F.2d 894, 897–98 (9th Cir.1979) (citation omitted), *cert. denied*, 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980).

Of course, had the district court's due process ruling been overturned on the merits, then Fraser would not be entitled to any fees because "[a]n erroneously granted injunction cannot be the basis for an award of attorney's fees as the prevailing party." *Ward v. County of San Diego*, 791 F.2d 1329, 1334 (9th Cir.1986). But Ninth Circuit authority clearly holds that an injunction is not somehow deemed "erroneously granted" merely because it is vacated after becoming moot on appeal and that the plaintiff benefitting even temporarily from the injunction is therefore still a prevailing party on this issue. *See, e.g., Williams v. Alioto*, 625 F.2d 845, 847–48 (9th Cir.1980) ("Our previous dismissal of the appeal as moot and vacation of the district court judgment does not affect the fact that for the pertinent time period [the plaintiff] obtained the desired relief...."). Indeed, from Fraser's point of view, "[t]he mootness of the subsequent appeal of [the injunction's issuance] ... emphasizes, rather than detracts from, the practical substance of [his] victory." *Grano v. Barry*, 783 F.2d 1104, 1109 (D.C.Cir.1986).

Furthermore, while the Supreme Court's decision unquestionably compels the conclusion that Fraser is no longer a prevailing party with respect to his First Amendment claim for damages, that decision in no way affects his statutory right to fees expended in litigating the discrete due pro-

cess issue. It is settled law that when a plaintiff "present[s] in one lawsuit distinctly different claims for relief that are based on different facts and legal theories," *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983), he is entitled to fees for work on any discrete claim under which he achieves some of the benefit he sought in bringing suit. *Id.* at 435–37, 103 S.Ct. at 1940–41; *Sethy*, 602 F.2d at 898. The Supreme Court's reversal of the district court's First Amendment ruling therefore limits the *amount* of fees to which Fraser is entitled but does not extinguish his entitlement in its entirety.

Because Fraser clearly is a partially prevailing party under Supreme Court and Ninth Circuit caselaw, he is entitled to reasonable fees for his efforts in successfully defending his due process rights.