JUSTICE LEAPHART,
specially concurring.
I specially concur in issue three which has been stated as follows: Did the District Court err when it overruled Ford’s objections to questions asked during his cross-examination, and to statements *365 made during the State’s closing argument regarding his sexual preference?
This issue focuses on the fact that, during cross-examination of Ford, the State elicited testimony indicating that he was bisexual. Then, during closing arguments, with regard to bisexuality, the State argued: “That’s exactly what he is charged with doing. What he does with consent with somebody, I don’t give a rip. But Brad cares what happened to him.”
The Court herein has held that the probative value of the State’s evidence was not substantially outweighed by the danger of unfair prejudice and the District Court did not abuse its discretion in admitting this evidence. The Court holds that Ford’s sexual preference was probative of whether Ford fit the profile of someone who would commit the act of sexual intercourse without consent upon a person of the same gender.
For the reasons set forth below, I disagree with the above rationale as to admissibility of evidence of sexual preference in this case.
Rule 404(a)(1), M.R.Evid., provides:
(a)... Evidence of a person’s character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except: (1) Character of accused. Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same.
Character traits pertaining to sexuality or sexual preference have specifically been held to fall within the character evidence prohibition of Rule 404(a)(1).
InBrewington v. State (Tex. Grim. App. 1991), 802 S.W.2d 691, 692, the Court of Criminal Appeals of Texas held that it was clear from the record that the prosecutor sought to introduce testimony that appellant was a fixated pedophile solely to prove appellant’s propensity to molest children and that he acted in conformity therewith. The court held “[t]his type of character testimony is prohibited when it is sought to be introduced to prove that a person acted in conformity therewith.”
In Blakeney v. State (Tex. Ct. App. 1995), 911 S.W.2d 508, Blakeney was convicted of aggravated sexual assault on a child. In reversing the conviction, the Court of Appeals of Texas stated that:
[t]he relevant events [sexual abuse of a child] ... can be adequately explained without evidence of appellant’s bisexuality/homosexuality to render a complete and whole picture for the jury. Appellant’s admission of his sexual preference is, therefore, background con *366 textual evidence. Moreover, introduction of this evidence, in the present case, could only serve to send the jury the message that all homosexual men are also molesters of little boys. Such an inference, unsupported by evidence or logic, is an improper basis for introducing evidence of appellant’s sexual preference. Because the evidence has an impermissible character component, we conclude that the trial court abused its discretion in admitting evidence of appellant’s sexual preference.
Blakeney, 911 S.W.2d at 515.
In Cohn v. Papke (9th Cir. 1981), 655 F.2d 191, the plaintiff brought suit against law enforcement officers who arrested him on charges of soliciting homosexual acts. The defense counsel inquired of the plaintiff: “By the way, Mr. Cohn, are you bisexual?” Cohn, 655 F.2d at 192. Relying on Rules 403 and 404, F.R.Evid., the Circuit Court held that this line of questioning was improper since its only purpose was to show that it was within the plaintiff’s character to commit homosexual acts. Cohn, 655 F.2d at 193-94.
I agree with the reasoning expressed in the above-cited opinions. That is, that Rule 404, M.R.Evid., proscribes the introduction of evidence of sexual preference merely to show that the defendant had a particular character trait and that he acted in conformity with that trait under these circumstances.
In State v. Gommenginger (1990), 242 Mont. 265, 271, 790 P.2d 455, 459, we held that Rule 404(a)(1), M.R.Evid., only allows the prosecution to introduce character evidence of an accused as proof that he acted in conformity therewith to rebut defense evidence of the accused’s good character offered to prove the same. As in Gommenginger, the present case is not one in which the defense opened the door by presenting evidence of the defendant’s good character. Accordingly, I would hold that the District Court erred in not sustaining Ford’s objections to the questions on cross-examination and closing remarks concerning his bisexuality.
However, even assuming admission of this evidence was error, I agree with the Court that, given the overwhelming evidence of guilt, it did not prejudice Ford’s substantial rights. Thus, I would affirm the conviction.