**Clark Allen KIMBROUGH, Plaintiff–Appellant,**

v.

**STATE OF CALIFORNIA, DOC; Cal A. Terhune; Anthony Newland, Defendants–Appellees.**

No. 00–15075.

D.C. No. CV–98–00392–EJG/JFM.

United States Court of Appeals, Ninth Circuit.

---

Submitted May 18, 2000.[1]
Decided Jan. 30, 2001.

Before WRIGHT, CHOY, and SKOPIL, Circuit Judges.

## ORDER

The memorandum disposition filed September 22, 2000 in this matter is hereby withdrawn, and a revised memorandum is filed in its place. Appellant's petition for rehearing is DENIED.

Appellant's motion for oral argument on rehearing and appointment of temporary counsel for oral argument, and his motion to strike appellees' answer to the petition for rehearing are DENIED as moot.

The requests for publication of the memorandum disposition and for "publication of rehearing opinion" are DENIED.

Appellant's motion to "Re–Affirm and Extend Injunctive Order" is GRANTED. On July 5, 2000, this court enjoined enforcement against appellant of specified grooming standards concerning hair length "during the pendency of appeal" and ordered repeal of penalties applied to appellant for failure to meet the grooming standards concerning hair length during the pendency of the appeal.

■ An appeal remains pending until the mandate issues. *See United States v. Ross,* 654 F.2d 612, 616 (9th Cir.1981) ("Until the mandate is issued, a case is not closed."); *Sethy v. Alameda County Water Dist.,* 602 F.2d 894, 897 (9th Cir.1979) (an appeal is still "pending" after the opinion is filed and is not final until the mandate issues). Because the mandate has not yet issued in this case, appellees violated the injunction on November 30, 2000, by finding appellant guilty of being out of compliance with the grooming standards concerning hair length. Appellees are hereby ORDERED to promptly rescind any penalties resulting from enforcement against appellant of grooming standards concern-

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ing hair length during the pendency of this court's injunction.

This court's July 5, 2000 temporary INJUNCTION IS HEREBY EXTENDED 60 days from the date the mandate issues in this case to allow the parties to seek temporary injunctive relief in district court. This injunction will dissolve at the conclusion of the 60–day extension or when the district court enters an order in this case disposing of a motion for injunctive relief, whichever occurs first.

Appellant's "Request and Suggestion for Contempt Proceedings and Issuance of Sanctions" is DENIED without prejudice to a renewed motion if the penalties at issue are not promptly rescinded.

MEMORANDUM[1]

■ State prisoner Clark Allen Kimbrough appeals the district court's grant of summary judgment in his civil rights action challenging the California Department of Corrections' inmate grooming standard that limits male inmates' hair length to three inches. Kimbrough seeks injunctive relief, arguing that the grooming regulation violates his right to free exercise of his religion because he took a vow not to cut his hair based on his beliefs as a Nazarite Sect Christian. We review de novo, see Robi v. Reed, 173 F.3d 736, 739 (9th Cir.), cert. denied, 528 U.S. 952, 120 S.Ct. 375, 145 L.Ed.2d 293 (1999); and we affirm in part and remand in part.

Kimbrough's free exercise claim fails because, as correctly analyzed in the Report and Recommendation adopted by the district court, the prison regulation against growing long hair is reasonably related to prison security, a legitimate penological interest.[3] See Turner v. Safley, 482 U.S. 78, 89–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). The regulation aids inmate identification and reduces the ability of an escaped prisoner to alter his appearance. See Friedman v. State of Arizona, 912 F.2d 328, 331–32 (9th Cir.1990).

In his petition for rehearing, Kimbrough contends that his free exercise claim should be reconsidered under the Religious Land Use and Institutionalized Persons Act of 2000 ("Act") that Congress passed while this appeal was pending. See 42 U.S.C. § 2000 et seq. The state agrees that his claim for injunctive relief falls within the scope of the new Act. The district court did not have an opportunity to consider the applicability of the Act or to develop the record that would be necessary if the Act is to be applied. Accordingly, we remand in part for further consideration. See White Mountain Apache Tribe v. State of Ariz., 649 F.2d 1274, 1285–86 (9th Cir.1981).

Kimbrough contends that the district court lacked jurisdiction because the deputy attorney general representing the state failed to file an oath of office with the Secretary of State. This argument has no merit. See Swamp–Land Reclamation Dist. No. 407 v. Wilcox, 75 Cal. 443, 17 P. 241, 245 (1888); Cal. Gov.Code § 1303 (West 1995).

The district court did not abuse its discretion by denying Kimbrough's motion to strike the state's answer. It carefully considered the parties' arguments and plead-

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

3. The district court properly considered the state's "justifiable penological interests" de-

fense. In the absence of a showing of prejudice, an affirmative defense may be raised for the first time on summary judgment. See Rivera v. Anaya, 726 F.2d 564, 566 (9th Cir. 1984).

ings and was not persuaded that defendants could not succeed on any of the challenged defenses.

We affirm the district court's denial of Kimbrough's motion to depose witnesses at the state's expense. The in forma pauperis statute, 28 U.S.C. § 1915, does not waive payment of fees or expenses for an indigent's witnesses. *See Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir.1989).

AFFIRMED in part and REMANDED in part for proceedings consistent with this disposition. Each party to bear its own costs on appeal. No further petition for rehearing will be entertained in this appeal.