MEMORANDUM *
Ricciardi contends that the district court erroneously denied his in limine mo- , tions to exclude evidence of his interactions with school administrators prior to 1994.[1] The crux of Ricciardi’s argument is that the pre-1994 evidence was propensity evidence barred under Rule 404 of the Federal Rules of Evidence.[2]
Rule 404 generally prohibits the admission of evidence of a person’s character for the purpose of proving that the individual acted in conformity with that character on a particular occasion. Cohn v. Papke, 655 F.2d 191, 193-94 (9th Cir.1981). Nor may such evidence be admitted to show a propensity or proclivity to commit bad acts. United States v. Arambula-Ruiz, 987 F.2d 599, 605 (9th Cir.1993). The pre-1994 evidence should have been excluded under this rule. Robb’s pretrial papers, and her briefs to this Court, make clear that the pre-1994 evidence was offered as propensity evidence. For example, Robb argued in her opposition brief to Ricciardi’s in limine motions that “[t]his evidence of a long history of Plaintiff’s conflicts and turmoil with administrators is ... highly probative of the simple proposition that it is his obstreperous tendencies themselves, and not, as he alleges, the First Amendment-protected activities, which were the reasons for his conflicts with [Robb].” *238 Robb’s assertions in the district court, and again on appeal, that the evidence should have been admitted as habit evidence under Rule 406 confirms that it was offered as propensity evidence.
The district court admitted the pre-1994 evidence to provide the jury with a “complete picture” of Rieciardi and his relationships with administrators. We recognize that otherwise inadmissible evidence may be rendered admissible when it is offered to rebut a factual contention placed in issue by the opposing party. Here, however, Rieciardi had not placed his relationships with school administrators at issue. See Blind-Doan v. Sanders, 291 F.3d 1079, 1083 (9th Cir.2002); Cohn, 655 F.2d at 193. Rieciardi did offer some evidence of his record as a teacher. But this evidence — in particular, his prior teaching evaluations — reflected information that was known to Robb at the time of her allegedly retaliatory decisions and, therefore, was admissible to show Robb’s motive. The same cannot be said of the evidence offered by Robb. Robb offered evidence and testimony recounting events of which she had no knowledge. Robb concedes that these pre-1994 events did not inform her decisionmaking. The pre-1994 evidence was not material to an issue in the case and it was therefore an abuse of discretion to admit it. See Duran v. City of Maywood, 221 F.3d 1127, 1130 (9th Cir.2000).
We also hold that the error was not harmless. The pre-1994 evidence was voluminous and, given its inflammatory nature, highly prejudicial. By all indications, this was a close case. The jury deliberated over three days and divided over the three special verdicts. In addition, Robb conceded during the in limine hearing that the challenged evidence was important to the defense. The central issue on special verdict question number three was whether Robb would have taken adverse action against Rieciardi even absent her motivation to retaliate against him for his protected activities. Robb argued through inadmissible character evidence that it was Ricciardi’s “obstreperous tendencies themselves” — even though Robb was'not aware of these events, which predated her tenure — rather than protected activities that caused his conflicts with Robb. This erroneously admitted evidence may have affected the jury’s decision on question three. We cannot say the testimony more probably than not had no effect on the verdict. See Tennison v. Circus Circus Enter., Inc., 244 F.3d 684, 689 (9th Cir. 2001). We must therefore reverse.
Our decision to reverse based on the erroneous admission of the pre-1994 evidence moots the remaining issues raised in this appeal. Although we need not decide whether the district court properly denied Ricciardi’s in limine motion to exclude the post-1998 evidence, we note that this question, if it should arise on remand, should be analyzed along the same lines as the pre-1994 evidence. We also need not decide whether the district court erroneously instructed the jury that Ricciardi’s protected activities were limited to the newsletters. We trust that any ambiguity or inconsistency presented by the jury instructions will be eliminated on remand.
Finally, we caution that we have not closed the door to Robb to present evidence to rebut factual contentions that Rieciardi may place at issue. -For example, if Rieciardi presents evidence of his good relations with prior administrators, or if he argues that he has never received an unsatisfactory evaluation other than the one he received from Robb in 1996, then portions of the challenged evidence might be admissible in rebuttal, assuming the admission of that evidence comports with other applicable rules of evidence.
*239 We vacate the judgment and remand for a new trial. We decline Ricciardi’s invitation to limit a new trial to special verdict question number three. A new trial on all issues is required.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36-3.

. In particular, Ricciardi sought to exclude his alleged history of misconduct preceding Robb's arrival at Wooster High School and grievances and complaints filed by Ricciardi before Robb arrived at Wooster.

. We recognize that the district court’s decision did not focus on Rule 404. Robb, however, does not contend that Ricciardi has waived his Rule 404 objection to the pre-1994 evidence. Accordingly, we consider the merits of Ricciardi’s objection.